**KESSLER TOPAZ MELTZER
 & CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:   (415) 400-3000
Fax:   (415) 400-3001

*Counsel for Proposed Lead Plaintiff National Pension
Service, on behalf of the National Pension Fund, and
Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CITY OF CORAL SPRINGS POLICE OFFICERS' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., TIMOTHY D. COOK, LUCA MAESTRI, and KEVAN PAREKH,<br><br>Defendants. | Case No. 5:25-cv-06252-NW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF NATIONAL PENSION SERVICE, ON BEHALF OF THE NATIONAL PENSION FUND, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>**CLASS ACTION**<br><br>Date: December 3, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES ................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 1

I.    PRELIMINARY STATEMENT ........................................................................................... 1

II.    ARGUMENT ......................................................................................................................... 4

    A.    NPS Should Be Appointed Lead Plaintiff ................................................................ 4

        1.    NPS Has the Largest Financial Interest of Any Movant ............................... 4

        2.    NPS Satisfies the Relevant Requirements of Rule 23 ................................... 5

    B.    NPS's Selection of Counsel Should Be Approved .................................................... 7

    C.    The Competing Motions Should Be Denied ............................................................. 7

        1.    The Competing Movants Assert Smaller Losses than NPS ........................... 7

        2.    KBC's Motion Is Also Untimely and Cannot be Considered ........................ 8

III.    CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................................. *passim*

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ..................................................................................................... 3, 7

*Diamond Eagle Acquisition
  Corp.*, Nos. 21 Civ. 5739(PAE),
  2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ............................................................................... 9

*Gonsalves v. Block, Inc.*,
  No. 25-cv-00642-NW,
  2025 WL 1274127 (N.D. Cal. Apr. 30, 2025) .................................................................. 4, 5, 7, 8

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ............................................................................ 4, 5, 6, 7

*Mersho v. U.S. Dist. Court for Dist. of Ariz.*,
  6 F.4th 891 (9th Cir. 2021) ........................................................................................................ 3, 4

*In re MicroStrategy Inc. Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) ........................................................................................... 9

*In re Nike, Inc. Sec. Litig.*,
  No. 3:24-cv-00974-AN,
  2024 WL 4579499 (D. Or. Oct. 25, 2024) .................................................................................... 6

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
  No. 4:17-CV-00449,
  2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ............................................................................. 9

*Rodriguez v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp.*,
  Nos. 21 Civ. 5739(PAE), *et al.*,
  2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) .............................................................................. 9

*Shenwick v. Twitter, Inc.*,
  No. 16-cv-05314-JST,
  2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ............................................................................ 7

*Skwortz v. Crayfish Co., Ltd.*,
  Nos. 00 CIV. 6766(DAB), *et al.*,
  2001 WL 1160745 (S.D.N.Y. Sep. 28, 2001) ........................................................................... 8, 9

*Trustees of Welfare & Pension Funds of Loc. 464A Pension Fund v. Enphase Energy, Inc.*,
  No. 24-cv-09038-JST,
  2025 WL 2410521 (N.D. Cal. Aug. 20, 2025) .................................................................. *passim*

*Vallejo v. Neil Jones Food Co.*,
  No. 24-cv-06835-NW,
  2025 WL 1684893 (N.D. Cal. June 16, 2025) ........................................................................... 8

*Weston v. DocuSign, Inc.*,
  No. 22-cv-00824-WHO,
  2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ....................................................................... 4, 8

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................................... *passim*

NPS respectfully submits this Memorandum of Points and Authorities in further support of its motion for appointment as Lead Plaintiff (Dkt. No. 26), and in opposition to the competing motions (Dkt. Nos. 29, 33, 38).[1]

Each of the movants requested that the Court consolidate the above-captioned action with a related action, *Tucker v. Apple Inc., et al.*, No. 5:25-cv-05197-NW (the "*Tucker* Action"), and filed their respective motions for appointment as lead plaintiff in the first-filed *Tucker* Action. On August 22, 2025, following the filing of motions for appointment as lead plaintiff, the plaintiff in the *Tucker* Action filed a notice of voluntary dismissal, *see* Dkt. No. 46, and the *Tucker* Action was subsequently terminated. As a result, NPS is filing this opposition brief in the above-captioned (second-filed) *City of Coral Springs* action.

**STATEMENT OF ISSUES**

1. Whether NPS is the "most adequate plaintiff" and should be appointed Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether this Court should approve of NPS's selection of Kessler Topaz as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **PRELIMINARY STATEMENT**

On August 19, 2025, NPS timely filed its motion for consolidation of the *Tucker* Action and the above-captioned *City of Coral Springs* action, appointment of NPS as Lead Plaintiff, and approval of NPS's selection of Lead Counsel. *See* Dkt. No. 26.[2] In addition to NPS's motion, timely motions seeking appointment as Lead Plaintiff were also filed by Union Investment Luxembourg S.A. ("Union") (Dkt. No. 29) and Merseyside Pension Fund ("Merseyside") (Dkt. No. 33). In violation of the explicit 5:00 p.m. filing deadline set forth in the Standing Order for All Civil Cases Before District Judge Noël Wise (the "Standing Order"), KBC Asset Management NV ("KBC") filed an *untimely*

---

[1]   All citations to "Dkt. No. __" are to filings in *Tucker v. Apple Inc., et al.*, No. 5:25-cv-05197-NW. Unless otherwise noted, all capitalized terms are defined in NPS's opening brief, *see* Dkt. No. 26, all emphasis is added, and all internal citations and quotation marks are omitted.

[2]   Given that the *Tucker* Action was terminated on August 29, 2025, consolidation is no longer necessary.

motion seeking appointment as Lead Plaintiff (Dkt. No. 38, filed at 5:48 p.m. PT) and did not seek relief from the Court's filing deadline (despite multiple movants filing timely motions). Merseyside subsequently withdrew its motion and does not challenge NPS's appointment as Lead Plaintiff (Dkt. No. 45).

NPS is entitled to appointment as Lead Plaintiff under the PSLRA and Ninth Circuit authority. The PSLRA establishes a strong presumption that NPS is the "most adequate plaintiff" because NPS possesses the largest financial interest of any movant (timely or untimely) and is adequate and typical in all respects. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (outlining the PSLRA's "straightforward" lead plaintiff selection process). That presumption can only be rebutted "upon proof" that NPS is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

***First***, with losses of more than $87 million under the LIFO accounting methodology—the methodology overwhelmingly favored by courts in this District and across the country for analyzing financial interest under the PSLRA—NPS unquestionably possesses the largest financial interest in the litigation. *See, e.g.*, *Trustees of Welfare & Pension Funds of Loc. 464A Pension Fund v. Enphase Energy, Inc.*, No. 24-cv-09038-JST, 2025 WL 2410521, at *2 (N.D. Cal. Aug. 20, 2025) ("The LIFO accounting method is the preferred approach in this district to calculate those losses."). Indeed, NPS's losses are greater than those of all the other movants ***combined*** and are nearly three times the size of the next largest movant:

| Movant | Reported LIFO Loss |
|---|---|
| **NPS** [Dkt. No. 26] | **$87,243,283.27** |
| Union [Dkt. No. 29] | $31,594,740.84 |
| ~~KBC~~ [Dkt. No. 38, untimely] | ~~$19,270,975.39~~ |

| ~~Merseyside~~<br>[Dkt. No. 33; Dkt. No. 45 (withdrawal)] | ~~$819,413~~ |
|---|---|

***Second***, in addition to asserting the largest financial interest, NPS readily satisfies the PSLRA's adequacy and typicality requirements, and is perfectly situated to represent all class members. NPS is a sophisticated institutional investor that is the prototypical investor Congress sought to encourage to lead securities class actions. *See infra* Section II.A.2. Under NPS's management, the National Pension Fund—one of the world's largest pension funds with nearly $900 billion in assets—provides old-age, disability, and survivors benefits to more than 22.3 million contributors and 6.6 million beneficiaries in the Republic of Korea. Given its losses and sophistication, there can be no doubt that NPS will zealously represent the interests of the class here.

***Third***, because there is no "proof" to rebut NPS's presumptive status as the most adequate plaintiff under the PSLRA, NPS is entitled to appointment as Lead Plaintiff and the competing motions must be denied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). As the Ninth Circuit has stated, under "the burden-shifting process Congress established in the PSLRA," any "competing movants must point to ***evidence*** of inadequacy" in order to rebut the presumption. *Mersho v. U.S. Dist. Court for Dist. of Ariz.*, 6 F.4th 891, 901 (9th Cir. 2021); *see also Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); ellipsis in original)).

***Fourth***, NPS has selected Kessler Topaz as Lead Counsel for the class. Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders. Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel[.]").

Accordingly, NPS respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

## II.     ARGUMENT

### A.     NPS Should Be Appointed Lead Plaintiff

The PSLRA directs that the movant possessing "the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("While [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous . . . ."); *Gonsalves v. Block, Inc.*, No. 25-cv-00642-NW, 2025 WL 1274127, at *2 (N.D. Cal. Apr. 30, 2025) (Wise, J.) (summarizing the PSLRA's process for selecting a lead plaintiff). The statute requires the appointment of the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses. *Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and requires "proof" to rebut the presumption). Because NPS is the presumptively most adequate plaintiff, and no "proof" exists that could rebut that presumption, NPS is entitled to appointment as Lead Plaintiff. *See Mersho*, 6 F.4th at 902 (the PSLRA requires courts to "articulate how the ***evidence***" presented by competing movants "***proves***" the presumptive lead plaintiff's inadequacy).

#### 1.     NPS Has the Largest Financial Interest of Any Movant

Courts in the Ninth Circuit and across the country, including this District, overwhelmingly look to movants' losses under the LIFO methodology when assessing financial interest under the PSLRA. *See, e.g.*, *Enphase*, 2025 WL 2410521, at *2 ("The LIFO accounting method is the preferred approach in this district to calculate those losses."); *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022) ("Most courts within this district use the LIFO method to calculate estimated losses. . . . Mindful of the Ninth Circuit's desire for consistent application, I will do the same."); *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056,

1059 (N.D. Cal. 2018) (agreeing that "approximate losses in the subject securities is the preferred measure" for "how to calculate the largest financial interest"); *see also Block*, 2025 WL 1274127, at *2-3 (appointing movant claiming the largest loss).

Here, NPS's $87 million in LIFO losses are unquestionably the largest of any movant before the Court, whether timely or untimely:[3]



Accordingly, it cannot be disputed that NPS possesses the largest financial interest of any movant or purported movant before the Court. *See, e.g.*, *Super Micro Comput.*, 317 F. Supp. 3d at 1060 ("[C]ourts in this circuit have concluded that any financial difference is meaningful in determining a lead plaintiff."); *Block*, 2025 WL 1274127, at *2-3 (concluding that the movant with the largest loss possessed the largest financial interest under the PSLRA).

**2.    NPS Satisfies the Relevant Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, NPS also satisfies the applicable Rule 23 adequacy and typicality requirements. *See* 15 U.S.C. § 78u-

---

[3]    The competing movants' losses are taken from their respective filings. *See* Dkt. No. 26-3; Dkt. No. 29-3; Dkt. No. 38-4; Dkt. No. 33-3.

4(a)(3)(B)(iii)(I)(cc); *Cavanaugh*, 306 F.3d at 731 (explaining that a lead plaintiff movant need only make "a prima facie showing of typicality and adequacy").

As demonstrated in its opening brief, *see generally* Dkt. No. 26, NPS's claims are typical of the claims of the class. Like all other class members, NPS: (1) purchased Apple securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See Super Micro Comput.*, 317 F. Supp. 3d at 1061. Moreover, NPS is not subject to any unique defenses. As set forth in the certification accompanying its Motion, NPS "has full power and authority to bring suit to recover" in connection with the purchases and sales of Apple stock by the National Pension Fund. *See* Dkt. No. 26-2 at 1. NPS's standing under the prudential exception to pursue claims in connection with the National Pension Fund's transactions is consistent with the standing of the remaining movants—Union and KBC—to pursue claims on behalf of their respective funds. *See* Dkt. No. 29 at 8-9 ("Union has standing to assert these claims on behalf of the funds that it manages"); Dkt. No. 38 at 7 ("KBC also has standing to represent its funds under the so-called prudential exception."). The prudential exception is routinely been cited by courts across the United States and in the Ninth Circuit as a basis for appointing a lead plaintiff movant like NPS. *See* Dkt. No. 38 at 7-8 (citing case law recognizing the prudential exception); *see also Enphase*, 2025 WL 2410521, at *3 (appointing movant with standing under the prudential exception); *In re Nike, Inc. Sec. Litig.*, No. 3:24-cv-00974-AN, 2024 WL 4579499, at *8 (D. Or. Oct. 25, 2024) (same).

NPS also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Super Micro Comput.*, 317 F. Supp. 3d at 1061 (stating that the adequacy element is satisfied where: "the class representative[s] and [their] counsel [do not] have any conflicts of interest with other class members" and "the class representative[s] and [their] counsel will prosecute the action vigorously on behalf of the class"). NPS's interests are clearly aligned with other members of the class, there is no evidence of any conflicts, and NPS's significant financial interest in this litigation ensures the vigorous prosecution of this litigation through its chosen lead counsel, Kessler Topaz. Moreover, as

a sophisticated institutional investor with nearly $900 billion in assets under management in the National Pension Fund, NPS is the prototypical investor Congress sought to encourage to lead securities class actions. *See Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) (finding that "as an institutional investor, [movant] is likely to be an effective lead plaintiff" because "Congress intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits").

Because NPS possesses the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, NPS should be appointed as Lead Plaintiff. *See Block*, 2025 WL 1274127, at *3 ("Competing movants must point to evidence of inadequacy.") (citing *Mersho*, 6 F.4th at 901)).

### B.  NPS's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."); *Super Micro Comput.*, 317 F. Supp. 3d at 1062 (same). Accordingly, NPS's selection of Kessler Topaz—a firm with significant experience prosecuting complex class actions in this District and this Court—as Lead Counsel should be approved. *See Block*, 2025 WL 1274127, at *3-4 (approving lead plaintiff's selection of counsel); *Enphase*, 2025 WL 2410521, at *4 (appointing Kessler Topaz as lead counsel and stating that "[t]he Court finds that [lead plaintiff's] choice of counsel in Kessler Topaz . . . is reasonable in light of that firm's significant experience obtaining favorable results as lead counsel in shareholder derivative litigation").

### C.  The Competing Motions Should Be Denied

#### 1.  The Competing Movants Assert Smaller Losses than NPS

Because each competing movant claims losses smaller than those suffered by NPS, and because no "proof" exists to rebut NPS's presumptive status as the most adequate plaintiff under the

1   PSLRA, the Court need not consider the competing motions. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)
2   (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides
3   that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate
4   plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." (quoting 15 U.S.C.
5   § 78u-4(a)(3)(B)(iii)(II); ellipsis in original)); *Block*, 2025 WL 1274127, at *2 ("If the presumption
6   is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff") (quoting
7   *Mersho*, 6 F.4th at 899); *Enphase*, 2025 WL 2410521, at *3 ("The law is clear, however, that such
8   speculation is insufficient to defeat the presumptive lead plaintiff's *prima facie* showing of
9   adequacy."); *DocuSign*, 2022 WL 1301770, at *4 ("Proof is key—the presumption may not 'be set
10  aside for any reason that the court may deem sufficient.'") (quoting *Mersho*, 6 F.4th at 899). This,
11  without more, is sufficient to deny the competing movants' motions under the PSLRA's
12  "straightforward" and sequential lead plaintiff selection process. *Cavanaugh*, 306 F.3d at 732 ("So
13  long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is
14  entitled to lead plaintiff status[.]").

### 2.   KBC's Motion Is Also Untimely and Cannot be Considered

Additionally, even if NPS did not have a greater financial interest than KBC—which filed its motion at 5:48 p.m. PT—KBC missed this Court's filing deadline and must be disqualified. *See* Standing Order at 2; Dkt. No. 3 (noting the Court's standing order); Supplemental Declaration of Stacey M. Kaplan, Ex. A (Notice of Electronic Filing of KBC's motion).

The Court's Standing Order clearly states that "*[a]ll* filing deadlines **are at 5:00 p.m.** unless otherwise ordered." *Id.* at 2. There is no question that KBC failed to comply with the Court's filing deadline. This is disqualifying. *See Block*, 2025 WL 1274127, at *2 (considering movants filing "***timely*** motions for appointment as lead plaintiff"); *Vallejo v. Neil Jones Food Co.*, No. 24-cv-06835-NW, 2025 WL 1684893, at *2 (N.D. Cal. June 16, 2025) (Wise, J.) (denying a motion "because it was filed a day late without leave of court"). This Court's and the PSLRA's deadline are not discretionary. Rather, the deadlines are "mandatory" and "an untimely motion has the effect of preventing the [movant] from satisfying the [PSLRA's] first requirement." *Skwortz v. Crayfish Co.,*

*Ltd.*, Nos. 00 CIV. 6766(DAB), *et al.*, 2001 WL 1160745, at *5 (S.D.N.Y. Sep. 28, 2001); *see also, e.g.*, *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164, at *3 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 439-40 (E.D. Va. 2000) (holding that a movant "fail[ed] procedurally" and could not be appointed lead plaintiff, despite its substantial financial interest, because it filed its motion late and therefore "failed to satisfy the first statutory factor"). At a minimum, the failure to comply with the Standing Order's filing deadline undermines any claim that KBC can and will adequately represent the class. *See, e.g.*, *Rodriguez v. DraftKings Inc. f/k/a Diamond Eagle Acquisition Corp.*, Nos. 21 Civ. 5739(PAE), *et al.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("As have other courts in this District presented with similar sloppiness, this Court finds that [the movant's] careless errors weigh heavily against his appointment as lead plaintiff."). Accordingly, KBC has failed to meet the PSLRA's requirements.

### III. CONCLUSION

For the reasons discussed above, NPS respectfully requests that the Court grant NPS's motion in full.

DATED: September 2, 2025                Respectfully submitted,

**KESSLER TOPAZ MELTZER
  & CHECK, LLP**

/s/ *Stacey M. Kaplan*
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Proposed Lead Plaintiff National Pension Service, on behalf of the National Pension Fund, and Proposed Lead Counsel for the Class*