1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  DARREN J. ROBBINS (168593)
    MICHAEL A. TRONCOSO (221180)
3  DANIELLE S. MYERS (259916)
    MICHAEL ALBERT (301120)
4  655 West Broadway, Suite 1900
    San Diego, CA  92101
5  Telephone:  619/231-1058
    darrenr@rgrdlaw.com
6  mtroncoso@rgrdlaw.com
    dmyers@rgrdlaw.com
7  malbert@rgrdlaw.com

8  Local Counsel for Proposed Lead Plaintiff

9  MOTLEY RICE LLC
    GREGG S. LEVIN
10  CHRISTOPHER F. MORIARTY
    28 Bridgeside Boulevard
11  Mount Pleasant, SC  29464
    Telephone:  843/216-9000
12  glevin@motleyrice.com
    cmoriarty@motleyrice.com

13
    Proposed Lead Counsel for Proposed Lead Plaintiff
14
    [Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17
                         SAN JOSE DIVISION
18

19  CITY OF CORAL SPRINGS POLICE          )  Case No. 5:25-cv-06252-NW
    OFFICERS' PENSION PLAN, on Behalf of  )
20  Itself All Others Similarly Situated, )  CLASS ACTION
                                           )
21                          Plaintiff,    )  KBC ASSET MANAGEMENT NV'S REPLY
                                           )  IN FURTHER SUPPORT OF ITS MOTION
22          vs.                            )  FOR APPOINTMENT AS LEAD
                                           )  PLAINTIFF
23  APPLE INC., et al.,                    )
                                           )  DATE:     December 3, 2025
24                          Defendants.   )  TIME:     9:00 a.m.
                                           )  CTRM:     3, 5th Floor
25  _____ )  JUDGE:    Hon. Noël Wise
26

27

28

4915-7916-2982.v1

## I.    INTRODUCTION

KBC Asset Management NV's ("KBC") motion should be granted.  The remaining movants raise no substantive challenge to KBC's adequacy or typicality; their only points are (i) that KBC's LIFO loss is smaller – an irrelevant fact given the host of problems plaguing both National Pension Service ("NPS"), which purports to act on behalf of another entity (National Pension Fund), and Union Investment Luxembourg S.A. ("UIL") (*see* ECF 15) – and (ii) that KBC filed its motion 48 minutes after the Court's 5:00 p.m. filing deadline.  *See* ECF 13-14.

KBC's local counsel expresses its sincere regret for their oversight of the 5:00 p.m. deadline and apologizes to the Court and the parties.  However, NPS's insistence that KBC should be summarily disqualified on this basis alone would be a drastic step considering that the Private Securities Litigation Reform Act of 1995's ("PSLRA") only timing requirement is that a motion be filed within 60 days of the notice.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).  The notice here was published June 20, 2025; all motions were due August 19, 2025; and KBC filed on August 19.  *See Tucker* ECF 38.  The less-than-an-hour delay was inadvertent, caused no prejudice, and involved no gamesmanship.  *See Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983).

Because KBC complied with the PSLRA and no movant identifies any substantive deficiency with its claimed loss or adequacy or typicality, the Court should hear its motion and appoint KBC as Lead Plaintiff.

## II.    ARGUMENT

### A.    KBC's Motion Was Timely Filed on the Statutory Deadline

The PSLRA provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i)(II).[1]  Here, KBC filed on the 60th day; the question is a 48-minute miss of the Court's 5:00 p.m. deadline.  In this regard, courts have routinely accepted materially identical filings where a movant complied with the PSLRA's date but missed a local or standing order hour, emphasizing the absence of prejudice or delay and the risk of elevating form over substance.

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

1    In a case directly on point, *Waterford Township Police v. Mattel, Inc.*, 2017 WL 10667732

2   (C.D. Cal. Sept. 29, 2017), a lead plaintiff applicant filed its motion by the PSLRA deadline, but one

3   hour after the court's 4:00 p.m. e-filing deadline. *Id.* at *3-*4. A competing movant, like NPS here,

4   argued that the motion was untimely and the movant should be disqualified. *Id.* While recognizing

5   the "strict nature of the PSLRA's 60 day deadline," the court identified "two main concerns that

6   underlie" opinions strictly construing the statutory deadline: "(1) unscrupulous litigants should not

7   be permitted to manipulate their financial loss calculation after reviewing timely-filed motions and

8   (2) late filings should not cause significant delays in the litigation." *Id.* at *4. In particular, the court

9   noted that the handful of cases identified where filings were rejected for missing the PSLRA's

10  deadline – not a local time deadline – "involved more egregious tardiness." *Id.* (citing *Skwortz v.*

11  *Crayfish Co., Ltd.*, 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001) (rejected motion filed one

12  day late)).[2] Accordingly, the *Waterford Township* court held that because the "motion was filed on

13  the correct calendar day, but one hour late, in the interest of justice the Court accepts [the] Motion as

14  properly filed." *Id.*; *but see Carson v. Clarent Corp.*, 2001 WL 1782712, at *2 (N.D. Cal. Dec. 14,

15  2001) ("The movant filed their motion ***more than two weeks too late***. At least three courts have held

16  that such a late filing, without a reasonable explanation, makes the class member ineligible to serve

17  as lead plaintiff.") (cleaned up).

18    And, in another case involving multiple movants that filed motions after the same court's

19  4:00 p.m. deadline, the court further noted "that the 4:00 p.m. deadline is a product of this Court's

20  Standing Order rather than statutory prescription; the PSLRA merely requires that motions be filed

21  within 60 days." *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *4 (C.D. Cal. June 11, 2020)

22  (recognizing that the "Court retains discretion to consider documents that are not timely filed or do

23  not comply with the Court's Standing Order"); *see also Emerson v. Genocea Biosciences, Inc.*, 2018

24  WL 839382, at *3 (D. Mass. Feb. 12, 2018) (recognizing that "the 6 p.m. deadline under the local

25  rules is not sacrosanct" and that "[b]ecause GIG's motion was filed on the sixtieth day of the

---

26   [2]  Notably, the *Skwortz* court subsequently reversed course after the excluded applicant moved for
27  reconsideration because the 60-day deadline fell on a state holiday and, pursuant to Rule 6(a), that
    holiday should have extended the 60-day window by one day, making the applicant's motion timely.
28  *See In re Crayfish Co. Sec. Litig.*, 2002 WL 1268013 (S.D.N.Y. June 6, 2002).

1   PSLRA's 60-day window, the motion did not turn into a pumpkin at the stroke of 6 p.m.").  In sum,

2   district courts unanimously hold that when a lead plaintiff motion is filed on the statutory deadline –

3   even if not by a specified time deadline – the motion is timely pursuant to the PSLRA.

4          NPS's inapposite authorities do not hold otherwise.  *See* ECF 13 at 9 (citing cases).  For

5   example, this Court's decision in *Vallejo v. The Neil Jones Food Co.*, 2025 WL 1684893 (N.D. Cal.

6   June 16, 2025) did not involve a PSLRA lead plaintiff motion and, unlike here, involved a motion

7   filed "the day after it was due," among a host of other issues.  *Id.* at *1.  Indeed, the Court held that it

8   did not "rely solely on Defendant's untimeliness to deny Defendant's motion; there [were] other,

9   independent reasons for the Court's ruling."  *Id.* at *2.  Moreover, the lead plaintiff motion denied as

10  untimely in *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164 (E.D. Tex. Aug. 31,

11  2017) was filed "over ***two months*** after motions to appoint lead plaintiff were due."  *Id.* at *4; *see*

12  *also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 439 (E.D. Va. 2000) (denying motion

13  by movant that did not "file a motion to be named lead plaintiff within the sixty-day time period,"

14  but filed ***over a month late***).  And, NPS's citation to *Rodriguez v. DraftKings Inc.*, 2021 WL

15  5282006 (S.D.N.Y. Nov. 12, 2021) is perplexing as the quoted language stems "from the significant

16  errors and inconsistencies in Kaintz's submissions to the Court," including substantive errors in his

17  Certification – which is more applicable to the problems plaguing UIL's Certification, which NPS

18  curiously ignored – and filing an "uninvited reply memorandum," not a same-day filing past a local

19  cutoff time.  *Id.* at *9.  ***None*** of NPS's authorities stand for the proposition that automatic

20  disqualification is warranted for a 48-minute tardy filing on the correct calendar day that causes no

21  prejudice, and KBC's counsel has been unable to locate such authority, either in this District or

22  elsewhere.  *See Loya*, 721 F.2d at 281 ("We therefore hold that for purposes of the statute of

23  limitations the district court should regard as 'filed' a complaint which arrives in the custody of the

24  clerk within the statutory period but fails to conform with formal requirements in local rules.").

25         In sum, NPS's criticism that KBC's motion was filed 48 minutes late is not a basis to

26  disqualify KBC.  KBC respectfully requests that the Court excuse its counsel's non-prejudicial

27  violation of the filing time imposed by the Standing Order.  Alternatively, if the Court deems the 48-

28

1    minute tardy filing late, the more appropriate remedy would be to direct KBC to retain new local

2    counsel, not deny its motion outright.

3    **B.    Neither NPS Nor UIL Are Eligible for Appointment**

4    Unlike the purely timing-related point raised about KBC, both NPS and UIL face serious

5    substantive hurdles to appointment.  *See* ECF 15.

6    The record also reflects additional objective indicia of potential counsel-driven coordination:

7    UIL filed a "Notice of Non-Opposition" expressly "support[ing] the appointment of NPS to lead this

8    action" (ECF 14 at 2); and the two movants advance the same procedural challenge to KBC.  *See*

9    ECF 15 at 14 n.9 (flagging potential alignment of counsel).  KBC respectfully submits that the

10   PSLRA disfavors undisclosed lawyer-driven arrangements.  If the Court is inclined to consider

11   NPS's or UIL's motions despite the substantive defects KBC has identified, the Court should first

12   require NPS and UIL (and their counsel) to state on the record whether any formal or informal

13   agreement exists concerning joint leadership, fee sharing, allocation of work, or mutual non-

14   opposition in this case, and when any such agreement was formed.  (Again, KBC and its counsel

15   have no such agreements with other movants or their counsel.)

16   Nor should UIL be permitted to parlay its Notice of Non-Opposition into appointment.  ECF

17   14.  By declining to address threshold issues such as financial interest and standing (both as to NPS

18   and itself), UIL has effectively abandoned its motion and demonstrated an unwillingness to

19   vigorously represent the class.  Courts routinely treat such non-oppositions as abandonment and

20   decline to consider those movants in the PSLRA hierarchy.  *See In re Aqua Metals Sec. Litig.*, 2018

21   WL 4860188, at *1 n.2 (N.D. Cal. May 23, 2018) (movant's election "not to file an opposition" to

22   the competing motions resulted in the court "deem[ing] his motion to have been abandoned" and not

23   considering that movant); *Alperstein v. Sona Nanotech Inc.*, 2021 WL 4704710, at *4 n.4 (C.D. Cal.

24   Mar. 16, 2021) ("The movants who have not filed any oppositions have abandoned their motions.");

25   *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 280-81 (E.D. Pa. 2020) (movant that filed a

26   "Notice of Non-Opposition" and "declined to oppose the competing motions" "abandoned its motion

27   or, at a minimum, proved that it is unwilling to vigorously represent the class").  Accordingly, if

28   NPS is not appointed, the Court should not treat UIL as a fallback candidate.

1

### III.     CONCLUSION

2      NPS cites *no* pertinent authorities supporting its contention that KBC's procedural misstep

3   mandates denial of its motion.  Rather, because KBC's motion was timely filed on the PSLRA

4   deadline, it should be heard and granted.

5      Nonetheless, if the Court deems leave necessary, KBC respectfully requests acceptance of its

6   motion *nunc pro tunc* given the absence of prejudice and the PSLRA's statutory focus on the 60-day

7   deadline.

8   DATED:  September 9, 2025                    Respectfully submitted,

9                                               ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
10                                              DARREN J. ROBBINS
                                                MICHAEL A. TRONCOSO
11                                              DANIELLE S. MYERS
                                                MICHAEL ALBERT

12

13                                                     s/ Darren J. Robbins
14                                              DARREN J. ROBBINS

15                                              655 West Broadway, Suite 1900
                                                San Diego, CA  92101
16                                              Telephone:  619/231-1058
                                                darrenr@rgrdlaw.com
17                                              mtroncoso@rgrdlaw.com
                                                dmyers@rgrdlaw.com
18                                              malbert@rgrdlaw.com

19                                              ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
20                                              SHAWN A. WILLIAMS (213113)
                                                Post Montgomery Center
21                                              One Montgomery Street, Suite 1800
                                                San Francisco, CA  94104
22                                              Telephone:  415/288-4545
                                                shawnw@rgrdlaw.com
23
                                                Local Counsel for Proposed Lead Plaintiff
24
                                                MOTLEY RICE LLC
25                                              GREGG S. LEVIN
                                                CHRISTOPHER F. MORIARTY
26                                              28 Bridgeside Boulevard
                                                Mount Pleasant, SC  29464
27                                              Telephone:  843/216-9000
                                                glevin@motleyrice.com
28                                              cmoriarty@motleyrice.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proposed Lead Counsel for Proposed Lead
Plaintiff