**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Proposed Lead Plaintiff Union*
*Investment Luxembourg S.A. and Proposed*
*Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CITY OF CORAL SPRINGS POLICE OFFICERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., TIMOTHY D. COOK, LUCA MAESTRI, and KEVAN PAREKH,<br><br>Defendants. | Case No. 5:25-cv-06252-NW<br><br>CLASS ACTION<br><br>**REPLY IN FURTHER SUPPORT OF THE MOTION OF UNION INVESTMENT LUXEMBOURG S.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Date: December 3, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Noël Wise |

REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:25-CV-06252-NW

Only two eligible Class members are seeking appointment as Lead Plaintiff: Union and NPS.[1] As noted in Union's notice of non-opposition, NPS has a larger loss than Union when calculated on a LIFO basis and otherwise meets the requirements of Rule 23. *See* ECF No. 14 at 1-2. Therefore, NPS is the "most adequate plaintiff," as required by the PSLRA, and Union supports the appointment of NPS to lead this action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As the movant with the next largest financial interest, Union remains ready and willing to serve as Lead Plaintiff if the Court declines to appoint NPS.

The only other purported movant, KBC, filed its motion after the mandatory deadline and is, therefore, ineligible to be considered as Lead Plaintiff. *See Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (declining to consider a motion for appointment as lead plaintiff that was filed after the statutory deadline). In any event, KBC's financial interest is significantly smaller than both Union's and NPS's based on LIFO loss—the metric that courts in this District and throughout the Ninth Circuit afford the greatest weight in measuring financial interest at the Lead Plaintiff stage. *See Hayes v. Enphase Energy, Inc.*, 2025 WL 986469, at *2 (N.D. Cal. Mar. 31, 2025) ("[T]he weight of authority puts the most emphasis on the competing movants' estimated losses[] using a 'last in, first out['] (LIFO) methodology.") (alterations in original).

Despite the clear deficiencies in its motion and its significantly smaller financial interest, KBC challenges Union's appointment. These challenges, however, fall far short of the "***proof***" required to rebut the presumption that would be afforded to Union if the Court were to decline to appoint NPS. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

First, KBC contends that Union is atypical based on a single statement on the website of Union's parent company, Union Asset Management, that its "investment philosophy is based on our belief that markets are inefficient." ECF No. 15 at 10. This general statement is insufficient to establish atypicality. Indeed, "[s]uch general statements do not seriously call the typicality of

---

[1] One other Class member, Merseyside Pension Fund, filed a timely motion for appointment as Lead Plaintiff, but subsequently withdrew its motion. *See Tucker*, ECF No. 45. All capitalized terms are defined in Union's opening brief (*see Tucker*, ECF No. 29), and notice of non-opposition (*see* ECF No. 14), unless noted. All emphasis and alterations are added and all internal citations are omitted, unless noted.

[lead plaintiff's] claims into question: it is common practice for money managers to claim they have some special strategy that will deliver insights—and returns—superior to the wider market." *In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 361 (S.D.N.Y. 2016); *see also McGuire v. Dendreon Corp.*, 267 F.R.D. 690, 695 (W.D. Wash. 2010) (finding that the plaintiff's "beliefs about the way the stock market functions do not render him an atypical representative"). KBC, as well as its counsel, cannot credibly contend that such statements are disqualifying given that they successfully argued that a trading strategy that seeks to beat the market by employing a valuation analysis that allows the investor to "'[p]urchase stocks at a discount' and 'sell[] stocks as they approach full valuation'" does not render a lead plaintiff atypical. *In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 306 (D. Md. 2022) (alterations in original).

Further, like all other Class members, Union purchased Apple securities during the Class Period at prices allegedly inflated by Defendants' materially false and misleading statements and was damaged as a result. *See Tucker*, ECF No. 29 at 7; *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result"). Accordingly, Union satisfies Rule 23's typicality requirement.

KBC also contends that Union improperly excluded funds managed by other related entities from its motion, in order to hide profits on Apple stock gained by those funds. *See* ECF No. 15 at 12-14. This argument is unfounded. Union's certification fully and accurately provides all transactions for the funds on whose behalf it is seeking appointment as Lead Plaintiff. *Tucker*, ECF No. 29-2. Nothing more is required. *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv) (requiring a movant's certification to "set[] forth all of the transactions of *the plaintiff* in the security that is the subject of the complaint during the class period specified in the complaint"). As KBC points out, Union Asset Management has previously moved for appointment as Lead Plaintiff "as the parent entity with assignments from its subsidiaries." ECF No. 15 at 12. No such assignments

REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:25-CV-06252-NW                                                              2

have been executed here (nor are they required), and Union is not obligated to assign its claims to its parent entity just because it has done so in the past.

KBC further alleges that "[i]n a recent case, defendants accused [Union Asset Management] of engaging in this type of entity-selection shell game by strategically choosing which of its funds to include in the litigation while shielding others from discovery," and that "[Union Asset Management] . . . ultimately agreed to a settlement with defendants in that case *before* the court could resolve the issue." ECF No. 15 at 13 (emphasis in original). This misrepresents the record in *In re Kraft Heinz Securities Litigation*, No. 1:19-cv-01339 (N.D. Ill.) ("*Kraft*") in several respects. Defendants in *Kraft* sought discovery of funds whose claims had not been assigned to Union Asset Management, and took issue with Union Asset Management's position that the trading activity of those funds was irrelevant, as they were not party to the case. *See* ECF No. 15-2 at 27-29. Contrary to KBC's assertion, the court in *Kraft* **did** rule on this discovery dispute and denied defendants' motion to compel discovery into the unassigned funds, finding that "all of the bases of relevance raised by Defendants are speculative and ultimately unconvincing." *In re Kraft Heinz Sec. Litig.*, 2022 WL 19830961, at *2 (N.D. Ill. Dec. 6, 2022). Further, Union Asset Management secured a $450 million recovery for the class in *Kraft*, the second largest securities class action settlement of that year and one of the largest of all time.[2]

KBC also asserts that Union submitted a false certification, due to a discrepancy between the certification and Union's loss chart. *See* ECF No. 15 at 11-12. KBC is wrong. As noted, Union's sworn certification is accurate. Instead, the discrepancy was due to an inadvertent error in the loss chart prepared by counsel and submitted with Union's motion, which included losses for a fund that was not listed on its certification because it is a fund for which Union does not have

---

[2] ISS Insights, *Largest Securities-Related Class Action Settlements of 2023*, Jan. 18, 2024, https://insights.issgovernance.com/posts/the-largest-securities-related-class-action-settlements-of-2023/; ISS SCAC, *The Top 100 U.S. Class Action Settlements Of All-Time*, *As Of December 31, 2024*, https://www.iss-scas.com/the-top-100-settlements-2024/.

standing to assert claims.[3]  *See Tucker*, ECF No. 29-3 at 10.  A corrected loss chart is submitted herewith, including the losses only for the funds listed in Union's certification, which was complete and correct as submitted.  *See* Exhibit A to the Reply Declaration of Jonathan D. Uslaner. The corrected loss chart also shows that Union incurred a LIFO loss of approximately $31.6 million, consistent with the loss asserted in Union's motion.  *See id.* at 10; *Tucker*, ECF No. 29 at 3, 6.  This inadvertent and immaterial error does not render Union inadequate.  *See Ferrari*, 225 F.R.D. at 605 (finding that "relatively minor miscalculations" in the lead plaintiff movant's loss "do not serve as a basis for disqualifying" the movant).

For the reasons set forth above, KBC's arguments that Union is atypical or otherwise unsuitable as a Lead Plaintiff are unfounded.  Union—as the movant with the second largest financial interest—remains ready, willing, and able to serve as Lead Plaintiff if the Court declines to appoint NPS.

Dated:  September 9, 2025                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

-and-

GERALD H. SILK
(jerry@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020

---

[3] Union has standing to assert claims on behalf of the investment funds listed in its certification because they are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law.  *Tucker*, ECF No. 29 at 12-13.  The fund that was inadvertently included in the loss chart has a different legal structure and is instead organized as a Société d'Investissement à Capital Variable ("SICAV"), which is an independent legal entity with the capacity to sue in its own name.  Union does not have standing to sue on behalf of the SICAV absent an assignment of claims, which the SICAV has not elected to do here.

Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Proposed Lead Plaintiff Union Investment Luxembourg S.A. and Proposed Lead Counsel for the Class*

REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:25-CV-06252-NW                                                                    5