**KESSLER TOPAZ MELTZER**
  **& CHECK, LLP**
STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Proposed Lead Plaintiff National Pension Service, on behalf of the National Pension Fund, and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CITY OF CORAL SPRINGS POLICE OFFICERS' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., TIMOTHY D. COOK, LUCA MAESTRI, and KEVAN PAREKH,<br><br>Defendants. | Case No. 5:25-cv-06252-NW<br><br>**RESPONSE OF NATIONAL PENSION SERVICE, ON BEHALF OF THE NATIONAL PENSION FUND, TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONVERT OCTOBER 28, 2025 CASE MANAGEMENT CONFERENCE TO HEARING ON LEAD PLAINTIFF MOTIONS AND TO VACATE CASE MANAGEMENT CONFERENCE**<br><br>**CLASS ACTION** |

Proposed Lead Plaintiff National Pension Service, on behalf of the National Pension Fund ("NPS"), respectfully submits this Response to Defendants' Administrative Motion to Convert October 28, 2025 Case Management Conference to Hearing on Lead Plaintiff Motions and to Vacate Case Management Conference, Dkt. No. 32 (the "Administrative Motion"). NPS will make itself available whenever the Court wishes to address the pending motions for appointment as lead plaintiff and approval of lead counsel. However, the Court has established very specific procedures for how litigants must reserve hearing dates. *See* Standing Order for All Civil Cases Before District Judge Noël Wise ("Civil Standing Order") at 1. NPS and each of the remaining lead plaintiff movants complied with the Court's procedures. Defendants have not established why the Court's Standing Orders should be set aside now in favor of an accelerated schedule for hearing the pending lead plaintiff motions.

## I. Defendants Have Not Established Why Deviating from the Court's Standing Order Is Necessary

Section C of the Court's Civil Standing Order requires parties to reserve a hearing date from the Court's deputy prior to filing a motion. The Civil Standing Order makes clear that "[m]otions filed without a previously arranged hearing date will be stricken, and parties may not refile until they obtain a reservation." Civil Standing Order at 1.

Pursuant to this Court's Civil Standing Order, prior to filing its motion for appointment as lead plaintiff, NPS contacted the Court's Deputy, Allie Warren, to reserve a hearing date. *See* Declaration of Stacey M. Kaplan (the "Kaplan Decl."), Ex. A (Email from Holly Paffas on Aug. 19, 2025). Ms. Warren subsequently provided NPS and other lead plaintiff movants with a hearing date of December 3, 2025, "for all motions for lead plaintiff and lead counsel." Kaplan Decl., Ex. B (Email from Allie Warren on Aug. 19, 2025). Three competing lead plaintiff motions remain pending.

Defendants now request, without citing to any exigency, that the Court reschedule the hearing on the lead plaintiff motions from December 3, 2025, to October 28, 2025. In their Administrative Motion, Defendants incorrectly state that counsel for NPS (and the other movants) "did not offer any explanation or rationale as to why they oppose having the lead plaintiff hearing on October 28, 2025."

Admin. Mtn. at 2. To the contrary, counsel for NPS explained that NPS did not consent to Defendants' request because NPS was "not in favor of requesting that the Court consider the pending lead plaintiff motions *outside of its typical practice*." Kaplan Decl., Ex. C (Email from Stacey M. Kaplan on Sep. 11, 2025) (emphasis added). Indeed, counsel for NPS understands that the Court holds case management conferences on Tuesdays (such as October 28, 2025) and civil motion hearings on Wednesdays (such as December 3, 2025). *See* Civil Standing Order at 1-2. Given the Court's clearly defined schedule—and the fact that the Court specifically provided NPS and the other movants the December 3, 2025 hearing date—NPS was not inclined to burden the Court by requesting that it rearrange its schedule and advance the hearing on the motions for appointment as lead plaintiff, by more than a month, to a day the Court ordinarily reserves for case management conferences and motions in criminal cases. *See id.* at 2; *see also* Calendar for: Judge Noël Wise (listing eight initial case management conferences, a jury trial, and a criminal case status conference as currently scheduled for October 28, 2025).

## II.     Courts Routinely Vacate Case Management Conferences Until a Lead Plaintiff Is Appointed

There is nothing unusual about a court vacating a case management conference without accelerating argument or a ruling on lead plaintiff motions. *See, e.g.*, *Liberato v. Grocery Outlet Holding Corp.*, No. 25-cv-00957-JST (N.D. Cal. Feb. 26, 2025), Dkt. No. 17 (vacating the initial case management conference until after the court appointed a lead plaintiff and resolved an anticipated motion to dismiss); *Trustees of Welfare & Pension Funds of Loc. 464A – Pension Fund v. Enphase Energy, Inc.*, No. 24-cv-09038-JST (N.D. Cal. Jan. 14, 2025), Dkt. No. 13 (same); *Averza v. Super Micro Comput., Inc.*, No. 24-cv-06147-EJD (N.D. Cal. Nov. 21, 2024), Dkt. No. 88 (continuing the case management conference without rescheduling the hearing on lead plaintiff motions, then scheduled for the following month); *Vanipenta v. SVB Fin. Grp.*, No. 23-cv-01097 (N.D. Cal. May 11, 2023), Dkt. No. 30 (adjourning the initial case management conference until after the court ruled on motions for appointment as lead plaintiff).

Indeed, courts routinely do not appoint movants within the 90-day period provided by the Private Securities Litigation Reform Act of 1995. *See, e.g.*, *Wigginton v. Advance Auto Parts, Inc.*,

No. 18-212 (MN), 2018 WL 5729733, at *2 n.2 (D. Del. Nov. 2, 2018) ("Where, as here, the parties dispute who should serve as lead plaintiff, the Court may not be able to accomplish that within the statutory timeframe."); *Grocery Outlet*, No. 25-cv-00957-JST (N.D. Cal. June 3, 2025), Dkt. No. 29 (appointing a lead plaintiff more than 120 days after notice was published); *Enphase*, No. 24-cv-09038-JST (N.D. Cal. Aug. 20, 2025), Dkt. No. 63 (appointing a lead plaintiff more than eight months after notice was published); *Super Micro Comput.*, No. 24-cv-06147-EJD (N.D. Cal. July 10, 2025), Dkt. No. 148 (appointing a lead plaintiff nearly eleven months after notice was published); *SVB*, No. 23-cv-1097 (N.D. Cal. Nov. 30, 2023), Dkt No. 82 (appointing a lead plaintiff more than eight months after notice was published).

### III.    Defendants Do Not Have Standing to Interject in the Lead Plaintiff Process

In any event, Defendants have no standing to be heard in the lead plaintiff process, which involves only the respective movants.  *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nly class members may seek to rebut the presumption, and ***the court should not permit or consider any arguments by defendants or non-class members***." (emphasis added); *Johnson v. Aljian*, No. CV 03-5986 FMC (PJWx), 2008 WL 11338773, at *5 (C.D. Cal. Nov. 14, 2008) (quoting *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997), for the proposition that "[t]he statute is clear that ***only potential plaintiffs may be heard*** regarding appointment of a Lead Plaintiff" (emphasis added)); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *8 n.5 (S.D. Cal. Jan. 5, 2004) ("Defendants lack standing to object to the adequacy or typicality of the presumptive lead plaintiff.").  Accordingly, NPS, like the competing lead plaintiff movants, properly declined to consent to Defendants' attempt to involve themselves in the lead plaintiff process.

Nevertheless, counsel for NPS is available should the Court move the hearing from December 3, 2025, to October 28, 2025.

DATED: October 6, 2025                    Respectfully submitted,

**KESSLER TOPAZ MELTZER
& CHECK, LLP**

*/s/ Stacey M. Kaplan*

STACEY M. KAPLAN (Bar No. 241989)
skaplan@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:     (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Proposed Lead Plaintiff National Pension Service, on behalf of the National Pension Fund, and Proposed Lead Counsel for the Class*