LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Whitney B. Weber (Bar No. 281160)
 *whitney.weber@lw.com*
Jordan Mundell (Bar No. 324110)
 *jordan.mundell@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235

Jason C. Hegt (*pro hac vice*)
 *jason.hegt@lw.com*
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: +1.212.906.1200

*Attorneys for Defendants Apple Inc., Timothy D.
Cook, Luca Maestri, Kevan Parekh, Craig Federighi,
and Kelsey Peterson*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CITY OF CORAL SPRINGS POLICE OFFICERS' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.; TIMOTHY D. COOK; LUCA MAESTRI; KEVAN PAREKH; CRAIG FEDERIGHI; and KELSEY PETERSON,<br><br>Defendants | Case No. 5:25-cv-06252-NW<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 20, 2026<br>Time: 9:00 A.M.<br>Courtroom: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

## I.    INTRODUCTION

Defendants Apple Inc. ("Apple"), Timothy D. Cook, Luca Maestri, Kevan Parekh, Craig Federighi, and Kelsey Peterson (collectively, "Defendants") respectfully request that the Court consider certain documents that are incorporated by reference into Plaintiff's Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), subject to judicial notice, or both in connection with Defendants' concurrently filed Motion to Dismiss ("Motion" or "Mot."). The documents are all attached to the Declaration of Whitney B. Weber filed herewith and include SEC filings, Court filings, analyst reports, and publicly available news articles and social media posts ("Exhibits").

## II.    ARGUMENT

In ruling on a motion to dismiss, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This is especially important in cases alleging securities fraud, where to "decide whether a misstatement or omission can mislead" the Court must "look at the context surrounding the statement . . . [including] information outside the immediate document." *Sneed v. Talphera, Inc.*, 2025 WL 2406424, at *4 (9th Cir. Aug. 20, 2025).[1] That is because reasonable investors care "about a statement's 'surrounding text, including hedges, disclaimers, and apparently conflicting information.'" *Id.* (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)).

The incorporation-by-reference doctrine treats certain documents as though they are "part of the complaint itself." *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023), *aff'd*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). A document incorporated by reference is considered

---

[1] All emphasis is added, and internal citations and quotations omitted, unless otherwise specified.

"part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Dolly v. Gitlab, Inc.*, 2025 WL 2372965, at *3 (N.D. Cal. Aug. 14, 2025) (quoting *Khoja*, 899 F.3d at 1002); *see also Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) (incorporation by reference "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims"). A document is incorporated by reference if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim[s]." *In re Intel Corp.*, 2023 WL 2767779, at *9.

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (a) "generally known within the trial court's territorial jurisdiction," or (b) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts adjudicating motions to dismiss in securities fraud class actions regularly take judicial notice of relevant public disclosure documents filed with the SEC, as well as earnings and investor call transcripts, press releases, investor presentations, and analyst reports, as they are capable of accurate and ready determination through sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Shnayder v. Allbirds, Inc.*, 2025 WL 1745596, at *5 (N.D. Cal. June 23, 2025) (judicially noticing SEC filings, earnings call transcripts and press releases); *see also Gitlab*, 2025 WL 2372965, at *3-4 (judicially noticing SEC filings, earnings and investor call transcripts, press releases, and analyst reports); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (judicially noticing transcripts of analyst calls, PowerPoint presentations to analysts, and analyst reports).

The 27 Exhibits are (1) sources used by Plaintiff in its 217-page Complaint and thus incorporated by reference, (2) subject to judicial notice, or (3) both. The Court should thus consider the Exhibits in adjudicating Defendants' Motion.

A.     **Exhibits 1-5 and 7-27 Are Incorporated by Reference**

Exhibits 1-5 and 7-27 are referenced "extensively" throughout the Complaint and "form[] the basis" of Plaintiff's claims.  *See Khoja*, 899 F.3d at 1002; *see also Kahn v. Chargepoint Holdings, Inc.*, 23-cv-06172-NW, slip op, at \*6 n.4 (N.D. Cal Feb. 23, 2026) (incorporating by reference "documents cited and quoted in the SAC").  They are incorporated by reference into the Complaint.

**Exhibits 2-3, 5,** and **7-25** (SEC filings, earnings call transcripts, press releases, news articles, analyst reports, stock price chart, and documents filed in *Epic*) are incorporated by reference in the Complaint.  These documents form the basis of Plaintiff's claims, as each are sources of challenged statements and alleged corrective disclosures, or Plaintiff cites to and quotes extensively from them to plead falsity, scienter, or loss causation.  *See* ¶¶ 18, 20, 28-30, 33-34, 37, 39, 48, 49, 58, 69, 71-72, 78, 84-86, 114-15, 127, 137-40, 144-45, 266, 295, 307, 349-64, 370, 372, 375-76, 391-92, 394, 396-8, 409, 418-24, 429, 433, 437-41, 448-50, 452-53, 464-70, 489, 494, 506-07, 509, 512, 525, 527-30, 534, 536-38, 551-53, 557, 574-76, 580-81, 584, 603, 605-07, 626, 639, 653, 656-57, 664, 669, 675, 690, 697, 711, 713, 717, 720, 724-25, 728-30.[2]  As such, these materials are integral to Plaintiff's claims and are incorporated by reference in the Complaint.  *See In re Intel Corp.*, 2023 WL 2767779, at \*9 (incorporating "sources of Lead Plaintiffs' challenged statements or allegations of falsity"); *Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at \*2, 6 (N.D. Cal. Aug. 7, 2024) (incorporating earnings call transcript, historical stock price data, and documents that plaintiff "relies upon," "quotes," or "refers to"); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at \*4 (N.D. Cal. July 21, 2020) (incorporating document alleged to be a corrective disclosure); *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at \*6 (N.D. Cal. Oct. 15, 2024) (incorporating press releases); *GitLab Inc.*, 2025 WL 2372965, at \*4 (incorporating analyst reports).

**Exhibits 1** and **26-27** (Form 4s and Proxy Statement) are also incorporated by reference. Plaintiff claims that Cook's and Maestri's stock sales support an inference of scienter, arguing the

---

[2] All "¶" references are to Plaintiff's Complaint.

sales show they were "financially motivated" to commit securities fraud. ¶¶ 663, 672-73. Plaintiff's claim "necessarily depend[s]" on these documents, which include information about those trades. *Khoja*, 899 F.3d at 1002-1003; *see also Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015). Indeed, Plaintiff "clearly gleaned" information regarding Cook's and Maestri's trades from Apple's publicly filed Forms 4 and Proxy Statement. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (consideration of Forms 4 is appropriate even where not explicitly referenced in the complaint); *see also Khoja*, 899 F. 3d at 1002 (it is proper to incorporate documents into the complaint "even though the complaint did not allege or describe the[ir] contents" where the "claim necessarily depended on them"). Because Plaintiff's claim that Cook and Maestri made suspicious stock trades naturally "rel[ies] on" information about those trades, *In re Tibco Software, Inc.*, 2006 WL 1469654, *17 (N.D. Cal. May 25, 2006)), the Exhibits are properly considered.[3]

Likewise, **Exhibit 4** (Form 10-K) is incorporated by reference in the Complaint, ¶¶ 84-86, because Plaintiff "relies upon" it for allegations underlying its claims. *Petersen*, 2024 WL 5384678, at *2. Plaintiff alleges information regarding the App Store's annual revenue, information that necessarily stemmed from Apple's 10-K, and theorizes that Apple committed fraud to "to maintain Apple's supracompetitive App Store revenue" and "protect Apple from an anticipated loss of revenue" flowing from the *Epic* injunction. *See, e.g.*, ¶¶ 11, 103, 177, 194, 208-09, 630. *See Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL4569846, at *2 (N.D. Cal. Aug. 7, 2020) (incorporating financial documents where fraud theory "depends on" financial results).

### B.    The Exhibits Are Subject to Judicial Notice

The Court can also consider all of the Exhibits in connection with adjudicating Defendants' Motion pursuant to Federal Rule of Evidence 201(b)(2).

---

[3] In determining whether Cook's and Maestri's stock sales were suspicious, the Court must assess whether Plaintiff adequately alleges that their Class Period sales were consistent with prior trading history and the percentage of shares sold. *See* Mot. at 20-21 (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1067 (9th Cir. 2008)). It is therefore appropriate for the Court to consider Forms 4 filed before the Class Period and at the end of the Class Period. *See, e.g.*, *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (considering pre-class period SEC filings to assess whether defendants' stock sales were consistent with prior trading).

**Exhibits 1, 4, 6-7, 12, 17,** and **26-27** (SEC filings) are routinely the subject of judicial notice in connection with motions to dismiss securities class actions. *See, e.g., Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of Forms 10-K and 10-Q because such "documents are not subject to reasonable dispute, and the 'accuracy' of these publicly filed SEC documents 'cannot reasonably be questioned'"); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as an example of "matter[s] subject to judicial notice"); *Chargepoint Holdings*, 23-cv-06172-NW, slip op, at *6 n.4 (taking "judicial notice of SEC filings that were not referenced in the SAC"); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of SEC Forms 4 "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan"). Because these materials are required by law to be filed with the SEC and are publicly available through the SEC's website, there can be no serious question as to their authenticity or that each is capable of accurate and ready determination—including what information was available to investors. *See Sneed*, 2025 WL 2406424, at *4.

**Exhibits 10-11, 16, 19,** and **25** (earnings call and conference transcripts) are also judicially noticeable. Courts frequently take "judicial notice of transcripts of calls with and presentations to investors in securities cases," *Strezsak*, 2024 WL 1160900, at *4, including to show "what information was available to the market." *Chicago & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2025 WL 82206, at *1 (N.D. Cal. Jan. 13, 2025); *see also Lamontagne v. Tesla, Inc.*, 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) (taking judicial notice of earnings call transcripts). These transcripts are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**Exhibits 12, 14-15,** and **18** (press releases) are publicly available on Apple's website and not subject to reasonable dispute, are also judicially noticeable. Similar to SEC filings, press releases help establish what information a company disclosed "to the market" *Amplitude*, 2025 WL 82206, at *1, and the "total mix" of information available to investors. *Sneed*, 2025 WL

2406424, at *4; *see also Sgarlata v. PayPal Holdings, Inc.*, 2018 WL 6592771, at *5-6 (N.D. Cal. Dec. 13, 2018) (taking judicial notice of company's press releases).

**Exhibits 3, 13, 22,** and **24** (analyst reports, NAD report, and stock price chart) are judicially noticeable because they are not subject to reasonable dispute and can be accurately and readily determined. Courts routinely take judicial notice of such analyst and other reports to help determine "whether and when certain information was provided to the market." *Patel v. Parnes*, 253 F.R.D. 531, 547-49 (C.D. Cal. 2008); *Plumbers & Steamfitters Loc. 60 Pension Tr. v. Meta Platforms, Inc.*, 2024 WL 4251896, at *9 & n.15 (N.D. Cal. Sept. 17, 2024) (taking judicial notice of analyst reports); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (same); *Obillo v. i-Health Inc.*, 2025 WL 844389, at *3 (N.D. Cal. Mar. 18, 2025) (taking judicial notice of NAD report referenced in complaint). Courts also take judicial notice of historical stock price data for the same reasons. *See Metzler*, 540 F.3d at 1064 n.7 (noting it is "proper" to take "judicial notice" of "reported stock price history").

**Exhibits 2, 20-21,** and **23** (news articles) are also judicially noticeable. Courts regularly "take[] judicial notice of news articles and material on public websites." *In re Intel Corp. Sec. Litig.*, 792 F. Supp. 3d 1008, 1016 (N.D. Cal. 2025). These exhibits may be used not for the truth of the matter asserted but to show "that the market was aware of the information contained in [these] news articles." *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017); *see also Kang v. PayPal Holdings, Inc.,* 620 F. Supp. 3d 884, 895 (N.D. Cal. 2022) ("Publicly accessible websites and news articles are among the proper subjects of judicial notice."); *Relator LLC v. Lim*, 2025 WL 4052367, at *3 n.4 (N.D. Cal. Apr. 22, 2025) (taking judicial notice of blog posts to show "what information was in the public realm at the time").

**Exhibits 5, 8,** and **9** (court filings and court testimony) may be considered because a "court may take judicial notice of court filings and other matters of public record." *Ho v. Nationstar Mortg., LLC*, 2020 WL 7714700, at *1 (C.D. Cal. Dec. 29, 2020); *see also Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n. 1 (9th Cir. 2017) (taking judicial notice of "court filings" to "determine[e] what information was disclosed to the public"); *Chargepoint Holdings*, 23-cv-06172-NW, slip op, at *8 n.4 (taking judicial notice of "a complaint filed in state

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

DEFENDANTS' REQ. FOR CONSIDERATION
RE: MOTION TO DISMISS
CASE NO. 5:25-CV-05364-NW

court"). Indeed, "[c]ourts routinely take judicial notice of publicly available records, including hearing transcripts, from other court proceedings." *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip.*, Inc., 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012); *see also Jackson v. Josiah*, 2021 WL 2417511, at *1 n.2 (E.D. Cal. June 14, 2021), *report and recommendation adopted*, 2021 WL 2853616 (E.D. Cal. July 8, 2021) ("A court may take judicial notice of proceedings in other courts.").

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 27 in assessing Defendants' Motion.

Dated: February 25, 2026                    Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ *Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Whitney B. Weber (Bar No. 281160)
 whitney.weber@lw.com
Jordan Mundell (Bar No. 324110)
 jordan.mundell@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Michele D. Johnson (Bar No. 198298)
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235

Jason C. Hegt (*pro hac vice*)
jason.hegt@lw.com
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Apple Inc., Timothy D. Cook, Luca Maestri, Kevan Parekh, Craig Federighi, and Kelsey Peterson*