**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Lead Plaintiff National Pension Service,*
*on behalf of the National Pension Fund, and*
*Lead Counsel for the Putative Class*

[Additional counsel listed on signature page.]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL PENSION SERVICE, on behalf of the NATIONAL PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC., et al.,<br><br>        Defendants. | Case No. 5:25-cv-06252-NW<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: May 20, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   LEGAL STANDARD................................................................................................2

III.  ARGUMENT..............................................................................................................3

      A.    Exhibits 2, 14, and 21 Are Not Incorporated by Reference and Should Not Be Judicially Noticed ..........................................................................................4

      B.    Defendants' Use of Exhibits 26 and 27 Is Improper............................................6

      C.    Defendants' Use of Exhibits 3, 8, 9, 13, 18, 20, and 22-24 Is Improper ............7

      D.    The Court May Consider the Exhibits Containing False and Misleading Statements.......11

      E.    The Court May Not Judicially Notice or Incorporate by Reference Disputed Facts in SEC Filings .................................................................................12

IV.   CONCLUSION.........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acticon AG v. China N.E. Petroleum Holdings Ltd.*,
  692 F.3d 34 (2d Cir. 2012)...................................................................................................10

*In re Amgen Inc. Sec. Litig.*,
  2014 WL 12585809 (C.D. Cal. Aug. 4, 2014)......................................................................12

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
  241 F. Supp. 3d 1084 (C.D. Cal. 2017) .................................................................................2

*Cota v. Aveda Corp.*,
  2020 WL 6083423 (S.D. Cal. Oct. 14, 2020) .........................................................................3

*In re Daou Sys., Inc.*,
  411 F.3d 1006 (9th Cir. 2005) ...............................................................................................9

*In re Energy Recovery Inc. Sec. Litig.*,
  2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ..................................................................5, 9, 12

*In re Fastly, Inc. Sec. Litig.*,
  801 F. Supp. 3d 880 (N.D. Cal. 2025) ..................................................................................11

*Ferreira v. Funko Inc.*,
  2021 WL 880400 (C.D. Cal. Feb. 25, 2021)........................................................................11

*Gerritsen v. Warner Bros. Ent. Inc.*,
  112 F. Supp. 3d 1011 (C.D. Cal. Jan. 30, 2015) ....................................................................7

*GOJO Indus., Inc. v. Barough*,
  2018 WL 5880829 (C.D. Cal. Apr. 2, 2018) ..........................................................................7

*Hodges v. Akeena Solar, Inc.*,
  2010 WL 3705345 (N.D. Cal. May 20, 2010) ........................................................................7

*Howell v. Cal.*,
  2019 WL 2076395 (E.D. Cal. May 10, 2019) .....................................................................3, 4

*In re Immune Response Sec. Litig.*,
  375 F. Supp. 2d 983 (S.D. Cal. 2005)....................................................................................2

*Karri v. Oclaro, Inc.*,
  2020 WL 5982097 (N.D. Cal. Oct. 8, 2020)........................................................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ........................................................................................ *passim*

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001) ..................................................................................................2

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

*Longo v. OSI Sys., Inc.*,
    2020 WL 3124221 (C.D. Cal. Mar. 11, 2020)................................................................6, 7, 8

*Lynch v. Rawls*,
    429 F. App'x 641 (9th Cir. 2011) ................................................................................3

*Maiman v. Talbott*,
    2010 WL 11421950 (C.D. Cal. Aug. 9, 2010)................................................................12

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ................................................................................3

*Morris v. Smith Micro Software, Inc.*,
    2012 WL 12948541 (C.D. Cal. May 21, 2021) ................................................................7

*In re Obalon Therapeutics, Inc.*,
    2019 WL 4729461 (S.D. Cal. Sep. 25, 2019) ................................................................9, 10

*In re Petco Animal Supplies Inc. Sec. Litig.*,
    2006 WL 6829623 (S.D. Cal. Aug. 1, 2006) ................................................................11

*In re Pivotal Sec. Litig.*,
    2020 WL 4193384 (N.D. Cal. July 21, 2020)................................................................12

*Riley v. Chopra*,
    2020 WL 5217154 (C.D. Cal. June 19, 2020) ................................................................10, 11

*In re Snap Inc. Sec. Litig.*,
    2018 WL 2972528 (C.D. Cal. June 7, 2018) ................................................................12

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)................................................................................1

*United States v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ................................................................................2

*In re Zoom Sec. Litig.*,
    2022 WL 484974 (N.D. Cal. Feb. 16, 2022) ................................................................12

**Other Authorities**

Fed. R. of Evid. 201 ................................................................................2

Lead Plaintiff National Pension Service, on behalf of the National Pension Fund, respectfully submits this opposition to Defendants' Request for Consideration under the Incorporation-by-Reference Doctrine and Judicial Notice in Support of Motion to Dismiss (Dkt. No. 84) ("RJN"), which was filed concurrently with Defendants' Motion to Dismiss Complaint for Violations of the Federal Securities Laws (Dkt. No. 82) ("MTD").[1]

## I.    <u>INTRODUCTION</u>

In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit recognized the "concerning pattern" of defendants in securities fraud class actions abusing judicial notice under Federal Rule of Evidence 201(b) and the incorporation-by-reference doctrine by "pil[ing] on numerous documents to their motions to dismiss to undermine the complaint." 899 F.3d 988, 998 (9th Cir. 2018). The court cautioned that endorsing this practice could lead to "premature dismissals of plausible claims." *Id.* The Ninth Circuit held that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint," as doing so would violate the "prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003.

Contrary to the Ninth Circuit's directive in *Khoja*, Defendants ask the Court to judicially notice or find incorporated by reference 27 exhibits to their MTD (Dkt. Nos. 83-1–27) ("Exhibits"), and to make numerous factual findings based on those Exhibits regarding issues of disputed fact. For example, Defendants rely on these Exhibits in support of their counter-narrative that they truthfully disclosed the true status of the Siri Features (Exs. 2-3, 10-19, 21, 23, 25), warned of Apple's non-compliance with the *Epic* Injunction (Exs. 4-9, 17), did not possess any motive to defraud investors (Exs. 1, 26-27), and that there are alternative explanations for the declines in Apple's stock price (Exs. 20, 22). *See generally* MTD. Defendants further ask the Court to rely on these Exhibits to draw non-culpable inferences about Defendants' scienter that are incompatible with Plaintiff's well-pled allegations. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007) ("competing inferences" must be "drawn from the facts

---

[1] Capitalized terms not defined herein are defined in Lead Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss the Complaint. Unless otherwise stated, all emphases and alterations are added and internal citations are omitted and original emphasis is omitted. For the Court's convenience, Plaintiff has included a chart, attached hereto as Appendix 1, summarizing Plaintiff's arguments with respect to each Exhibit.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

alleged"). In short, Defendants attempt to use the Exhibits to inject their own factual narrative into the resolution of their motion to dismiss—precisely the strategy the Ninth Circuit rejected in *Khoja*. For the reasons discussed below, the Court should deny Defendants' request that the Court consider contested facts or resolve factual disputes under the guise of judicial notice or incorporation by reference.

## II.    **LEGAL STANDARD**

In the Ninth Circuit, generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. However, under Federal Rule of Evidence 201(b), the Court may, in its discretion, "judicially notice a fact that is not subject to reasonable dispute" if the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Courts commonly take judicial notice of facts such as "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017). However, the Ninth Circuit warned in *Khoja* that, even if a document is "susceptible to judicial notice," not "every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Additionally, while a court may "take judicial notice of 'matters of public record,'" it may not take notice of "facts that may be subject to reasonable dispute," and "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001), *abrogated on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" if the complaint "refers extensively" to the documents or if they "form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. Incorporation by reference is a "narrow exception" to the limits imposed by Rule 12(b)(6) and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005). The doctrine "is not a tool for defendants to short-

circuit the resolution of a well-pleaded claim," and "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. "While the rule of completeness in Federal Rule of Evidence 106 may require admission of a complete document to avoid a misleading impression, it does not require that the entire content of the document be taken as true in ruling on a defendant's motion to dismiss." *Lynch v. Rawls*, 429 F. App'x 641, 643 n.1 (9th Cir. 2011).

## III.    ARGUMENT

Defendants argue that all of their Exhibits can be judicially noticed (RJN 4-7), and that Exhibits 1-5 and 7-27 are incorporated by reference. *Id.* 3-4.

As an initial matter, Defendants' request for judicial notice is deficient in its lack of specificity as to which facts in each document Defendants ask the Court to notice. *See Cota v. Aveda Corp.*, 2020 WL 6083423, at *10 (S.D. Cal. Oct. 14, 2020) (denying request for judicial notice as "vague and ambiguous" due to "failure to specify" which facts should be noticed). Defendants' request merely sorts the 27 Exhibits into broad categories of documents and states that each *type* of document is subject to judicial notice, without specifying which *facts* Defendants ask to be noticed. This is insufficient, and Defendants' request should be denied on this basis alone. *See Howell v. Cal.*, 2019 WL 2076395, at *2 n.1 (E.D. Cal. May 10, 2019) (denying request for judicial notice where the request did not "supply the necessary information"). Nevertheless, Plaintiff does not dispute that many of the Exhibits are the *types* of documents that may be subject to judicial notice. However, this notice does not extend to the improper purposes proposed by Defendants, including the notice of disputed facts and factual interpretations favorable to Defendants.

Second, with regard to incorporation by reference, Defendants assert that the Court "may assume that" the contents of documents incorporated by reference "are true for purposes of a motion to dismiss under Rule 12(b)(6)." RJN 2 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). However, *Khoja* clarified this very point, holding that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." 899 F.3d at 1003. Defendants' attempt to inject impermissible findings of fact into the motion to dismiss briefing through judicial notice or incorporation by reference should thus be rejected.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

A.      **Exhibits 2, 14, and 21 Are Not Incorporated by Reference and Should Not Be Judicially Noticed**

Exhibits 2, 14, and 21 are not incorporated by reference because they were not quoted, cited, or referenced in the Complaint. Further, the Exhibits are not subject to judicial notice because Defendants fail to identify the specific fact or facts the Court should take notice of. *See Howell*, 2019 WL 2076395, at *2 n.1. In addition, neither incorporation by reference nor judicial notice should be granted for these Exhibits because Defendants misuse their contents to advance an alternate version of the facts that is inconsistent with the Complaint's factual allegations. As the Ninth Circuit explained in *Khoja*, "[s]ubmitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint," while affording plaintiff "no opportunity to respond to the defendant's new version of the facts." 899 F.3d at 1003. As explained below, Defendants' improper attempt to create a "new version of the facts" should be denied. *Id.* at 1003.

**Exhibit 2** is a June 11, 2024 Barron's article titled *Apple's AI Plan Has iPhone Sales at Its Core, Why That's a Problem. And 4 Other Things to Know Today*. Plaintiff objects to the incorporation by reference of Exhibit 2 because this article is not quoted, cited, or referenced anywhere in the Complaint. *Khoja*, 889 F.3d at 1002-03. Instead, the Complaint cites to a *different* Barron's article, published the same day, titled *Apple Debuts AI Strategy. It Hopes to Spur iPhone Sales*. ¶370. Incorporation by reference should be denied on this basis alone.

While Plaintiff does not dispute that Exhibit 2 is the type of document subject to judicial notice, Defendants' use of Exhibit 2 is impermissible under either the incorporation by reference doctrine or judicial notice. *Khoja*, 899 F.3d at 1003. Defendants selectively quote from Exhibit 2 to suggest that the market understood that Apple was not going to release the Siri Features as part of the iPhone 16 upgrade cycle. MTD 4-5. In contrast, the Complaint alleges that analysts fully expected the Siri Features to launch as part of the iPhone 16 upgrade cycle, and in fact based their positive valuations of Apple common stock on this belief. *See, e.g.*, ¶¶368-71. This is a clear attempt by Defendants to misuse incorporation by reference and judicial notice to present their (incorrect) interpretation of a document—not referenced in the Complaint—to dispute the Complaint's factual allegations.

Moreover, in their attempt to create a factual dispute with content not incorporated into the

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

Complaint, Defendants fail to provide the Court with important qualifications from the article's text. For instance, Defendants quote the article as stating "'[s]uccess for Apple *in the future* would probably require it to have its own easy-to-use AI-something,' but 'Apple seems to be a long way from delivering that.'" MTD 5 (Defendants' alteration and emphasis). However, Defendants omit the following essential context: "Success for Apple in the future would probably require it to have its own easy-to-use AI-something *that works better than OpenAI's ChatGPT* . . . . Apple seems to be a long way from delivering *that*[.]" Ex. 2 at 1. Contrary to Defendants' suggestion (MTD at 5), the article did not assert that Apple seemed "a long way from delivering" the Siri Features, but that it seemed "a long way from delivering" a product that "*works better than OpenAI's ChatGPT*." Ex. 2.

**Exhibit 14** is a September 9, 2024 Apple Newsroom update titled *Apple Intelligence comes to iPhone, iPad, and Mac starting next month*. Plaintiff objects to the incorporation by reference of Exhibit 14 because this article is not quoted, cited, or referenced anywhere in the Complaint, and as such cannot be incorporated by reference. *Khoja*, 889 F.3d at 1002-03. The Complaint instead cites two press releases, published the same day, announcing the iPhone 16 and iPhone 16 Plus. ¶376. Incorporation by reference should be denied on this basis alone.

While Plaintiff does not dispute that Exhibit 14 is the type of document subject to judicial notice, Defendants' use of Exhibit 14 is impermissible under either the incorporation by reference doctrine or judicial notice. *Khoja*, 899 F.3d at 1003. Defendants improperly rely on Exhibit 14 to shoehorn in their own version of events—that Apple fully disclosed the true state of the Siri Features by advertising that the first set of Apple Intelligence features would be available with iOS 18, not when iPhone 16 sales began. MTD 5-6, 13-14. This is not appropriate under *Khoja*. The purported facts Defendants cite to in Exhibit 14 also are irrelevant, and as such are inappropriate for judicial notice or incorporation by reference. The cited portions of Exhibit 14 concern Apple Intelligence features other than the Siri Features. MTD 5. By contrast, the two September 9, 2024 press releases actually cited in the Complaint described the iPhone 16 and 16 Plus as "built for Apple Intelligence," and specifically advertised the new Siri Features. ¶376. Defendants' attempt to confuse the issues by introducing a different press release concerning different features should be denied. *See In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *2 (N.D. Cal. Jan. 27, 2016) ("The Ninth Circuit states that judicial notice is inappropriate where the facts to be noticed are irrelevant.").

**Exhibit 21** is a March 7, 2025 Business Insider article titled *Apple Makes Extremely Rare Move to Delay Siri Overhaul*. Plaintiff objects to the incorporation by reference of Exhibit 21 because this article is not quoted, cited, or referenced anywhere in the Complaint, and as such cannot be incorporated by reference. *Khoja*, 889 F.3d at 1002-03. The Complaint cites to a March 7, 2025 post on the tech blog Daring Fireball by John Gruber, which provided the full text of Apple's statement announcing the delay of the Siri Features. ¶424. Incorporation by reference should be denied on this basis alone.

While Plaintiff does not dispute that Exhibit 21 is the type of document subject to judicial notice, Defendants' use of Exhibit 21 is impermissible under either the incorporation by reference doctrine or judicial notice. *Khoja*, 899 F.3d at 1003. Exhibit 21, which itself cites to the Daring Fireball post, provides only one sentence of the full statement. Ex. 21 at 2. This omits the language specifically identifying the features Apple had failed to deliver: "We've also been working on a more personalized Siri, giving it more awareness of your personal context, as well as the ability to take action for you within and across your apps." ¶424. Defendants use Exhibit 21 to bolster their own factual narrative that they were making progress toward releasing the Siri Features and simply chose to delay the release due to their high quality standards. MTD 6. This directly contradicts the Complaint's well-pled allegations that the Siri Features did not exist at the time of the 2024 WWDC and did not exist in a functioning form at any point during the Class Period. ¶¶400-23. Defendants may not use the incorporation by reference doctrine or judicial notice to undermine the Complaint's well-pled allegations. *Khoja*, 899 F.3d at 1002-03.

## B.    Defendants' Use of Exhibits 26 and 27 Is Improper

Defendants argue that Exhibits 26 and 27, Cook's and Maestri's Form 4s, are incorporated by reference and can be judicially noticed because "Plaintiff claims that Cook's and Maestri's stock sales support an inference of scienter." RJN 3. While Plaintiff does not dispute that the Form 4s are incorporated by reference, Defendants' use of these documents to support "a defense to the well-pled allegations in the complaint" should be denied. *Khoja*, 899 F.3d at 1002; *see also Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) (denying request to incorporate Form 4s).

*First*, the Complaint does not, as Defendants contend, allege that Cook's and Maestri's stock sales were suspicious. RJN 3-4, 4 n.3; *see* MTD 20-21. Instead, the Complaint alleges that Cook and Maestri were financially motivated to mislead investors due to their performance-based compensation, which

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

includes stock. ¶¶663-74. Nor are the Form 4s subject to judicial notice. Although Form 4s may qualify for judicial notice, under Federal Rule of Evidence 201(b), "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Here, Defendants "use these documents for their truth and because plaintiff[] dispute[s] [D]efendants' interpretation of the documents," the request for judicial notice of Exhibits 26 and 27 should be denied. *Longo*, 2020 WL 3124221, at *2.

If the Court were to judicially notice or incorporate by reference Exhibits 26 and 27, the Court should consider only the existence of the documents, not their truth. *See Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2021) (denying request "to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s" because "judicial notice should not be taken of the truth of their contents"). Defendants improperly submit these documents to bolster their absence-of-motive defense in an attempt to rebut Plaintiff's well-pled scienter allegations. MTD 20-21. This raises a factual dispute based on the data contained in the documents and is inappropriate for consideration at the pleadings stage. *See Hodges v. Akeena Solar, Inc.*, 2010 WL 3705345, at *6 (N.D. Cal. May 20, 2010) ("factual question" underlying non-culpable inferences for scienter "is an issue appropriately resolved on summary judgment").

**C.      Defendants' Use of Exhibits 3, 8, 9, 13, 18, 20, and 22-24 Is Improper**

Defendants argue that Exhibits 3, 8, 9, 13, 18, 20, and 22-24 are incorporated by reference and/or can be judicially noticed. RJN 3-7. These exhibits consist of analyst reports, news articles, an Apple press release, excerpts of testimony from the May 2024 evidentiary hearing in the *Epic* action, a Yahoo! Finance chart of Apple's common stock price, and the NAD Final Decision. Plaintiff does not dispute that these Exhibits are incorporated by reference and/or subject to judicial notice. However, these documents may only be considered "to indicate what was in the public realm at the time, not whether the contents . . . were in fact true." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. Jan. 30, 2015). Defendants cannot use incorporation by reference or judicial notice to dispute the Complaint's well-pled allegations at the motion to dismiss stage. *See Khoja*, 899 F.3d at 1003. In addition, the Court may not consider the documents for the truth of their contents. *GOJO Indus., Inc. v. Barough*, 2018 WL 5880829, at *3 (C.D. Cal. Apr. 2, 2018) ("It is improper, however, for a court to take judicial notice of the veracity

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

of a public document's contents when the parties dispute the meaning and truth of the contents."); *Longo*, 2020 WL 3124221, at *2 (similar).

Here, Defendants seek to use Exhibits 3, 8, 9, 13, 18, 20, and 22-24 to inject their version of disputed facts into the Court's resolution of Defendants' motion to dismiss, and the Court should refuse to consider these Exhibits for that purpose.

**Exhibit 3** is an August 1, 2024 Evercore ISI analyst report titled *Stay Calm and (Super) Cycle On. Maintain TOP PICK*. The report is referenced in the Complaint as support for the allegation that Defendants' August 1, 2024 statements, which reaffirmed the release timeline of the new Siri features, were received positively by analysts. ¶375; *see also* ¶¶372-74.

**Exhibit 13** is a November 1, 2024 Oppenheimer analyst report titled *Patience Required to See Apple Intelligence Boosting New Hardware Cycles*. The report is referenced in the Complaint as support for the allegation that Cook's statements on the continued progress of Siri development reinforced the market's positive iPhone sales outlook. ¶394; *see also* ¶¶391-92.

Defendants cite Exhibits 3 and 13 in support of their fact-intensive argument that the true state of the Siri Features was fully disclosed and understood by the market. MTD 5-6. These arguments raise a factual dispute that cannot be resolved at this stage and should be denied. *Khoja*, 899 F.3d at 1003.

**Exhibits 8 and 9** are excerpts of testimony from the May 2024 Evidentiary Hearing in the *Epic* action, specifically, testimony by Matthew Fischer on May 8, 2024 (Ex. 8) and by Carson Oliver on May 16, 2024 (Ex. 9). The Complaint cites and quotes testimony from Exhibit 9, but not the testimony excerpted in Exhibit 8. More importantly, the Complaint extensively alleges that the testimony by Apple executives during the May 2024 Evidentiary hearing, including testimony by Fischer on May 8, 2024, and by Oliver on May 16, 2024, was materially false and misleading. *See* ¶¶142, 152, 202, 448-50, 489-503. Contrary to these well-pled allegations, Defendants cite Exhibit 8 in support of their argument that Apple's purported compliance "plan was no secret . . . allowing anyone to form a view about whether it was compliant with the Injunction's terms." MTD 17 (citing Ex. 8). Defendants similarly cite Exhibit 9 in support of their argument that "[l]ong before the Injunction took effect, *Apple began planning how to comply*" and "discussed the issue internally with cross-functional teams, and retained an outside consultant to study how Apple could '*fairly charge for the value that it provides to developers*' while 'implementing

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

[the required] linkout.'" MTD 7 (quoting Ex. 9) (brackets in original). These arguments contradict the Complaint's factual allegations and ask the Court to credit self-serving testimony by Apple executives that the *Epic* court found "attempted to mislead," a factual finding that the Ninth Circuit affirmed. ¶¶307, 448-50, 584. The Court should reject Defendants' request that the Court "assume the truth" of this testimony "to dispute facts" in the Complaint. *Khoja*, 899 F.3d at 1003.

**Exhibit 18** is a December 11, 2024 Apple press release titled *Apple Intelligence now features Image Playground, Genmoji, Writing Tools enhancements, seamless support for ChatGPT, and visual intelligence*. Defendants rely on Exhibit 18 in support of their irrelevant argument that Apple "released the vast majority of Apple Intelligence features" during the iPhone 16 upgrade cycle. MTD 6. The Complaint does not allege that Defendants made any materially false and misleading statements or engaged in fraudulent conduct with respect to Apple Intelligence features other than the non-existent Siri Features. The fact that Apple released these other features is therefore irrelevant and not judicially noticeable. *See Energy Recovery*, 2016 WL 324150, at *2. To the extent Defendants suggest that their alleged misstatements regarding the Siri Features were not material to investors in light of the release of other Apple Intelligence features, such an argument contradicts well-pled allegations in the Complaint (*e.g.*, ¶¶344, 347, 369, 372, 424-28, 430-31, 434, 436) and raises factual disputes that cannot be resolved at this stage. *Khoja*, 899 F.3d at 1003.

**Exhibit 20** is an April 11, 2025 New York Times article titled *What's Wrong With Apple?* The article is the source of the Complaint's allegations that the Siri Features were inaccurate on nearly one third of responses during internal testing. ¶¶409, 639. Defendants cite the article in support of their contention that the March 12 and April 3 corrective disclosures are not corrective, and state that "[t]he incorporated documents *confirm* other factors caused Apple's stock to drop in March and April 2025." MTD 27 & n.5. Plaintiff's well-pled allegations of loss causation are to the contrary. ¶¶718-25. Defendants' arguments introduce factual disputes that cannot be resolved at this stage. *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005) ("[A]s long as the misrepresentation is one substantial cause of the investment's decline in value, other contributing forces will not bar recovery under the loss causation requirement but will play a role in determining recoverable damages.") (alteration in original); *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *4 (S.D. Cal. Sep. 25, 2019) (consideration of documents "would not be proper

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

on a motion to dismiss" where they are offered "to argue disputed facts to demonstrate Defendants did not violate federal securities laws").

**Exhibit 22** is a chart of Apple's common stock prices from May 1, 2025 to February 25, 2026, generated by Yahoo! Finance. Defendants rely on this stock price data in support of their arguments that the price movements in Apple's stock after the corrective disclosures, including "[a]s of today"—over nine months after the final corrective disclosure—"refut[e] any inference of causation." MTD 28-29. Defendants' arguments based on Exhibit 22 raise fact-intensive issues that cannot be resolved at this stage. *See Acticon AG v. China N.E. Petroleum Holdings Ltd.*, 692 F.3d 34, 39 (2d Cir. 2012) ("[D]etermining why a stock's price rebounded after an initial drop requires the court to consider a competing theory of causation and raises factual questions not suitable for resolution on a motion to dismiss."). Moreover, given Defendants' fact-intensive arguments, judicial notice of Apple's stock price after the corrective disclosures and long after the Class Period is inappropriate because "there is a reasonable dispute as to what [Exhibit 22] establishes." *Khoja*, 899 F.3d at 1000.

**Exhibit 23** is an April 3, 2025 Wall Street Journal article titled *Apple and Amazon Promised Us Revolutionary AI. We're Still Waiting*. Defendants rely on Exhibit 23 to suggest that the market understood that the new Siri Features would not be released during the iPhone 16 upgrade cycle. MTD 5. Defendants use the article to introduce a quote from Defendant Federighi, stating, "After all, as Federighi explained when discussing the anticipated rollout of Apple Intelligence, 'you could put something out there and have it be sort of a mess,' but 'Apple's point of view is more like, 'Let's try to get each piece right and release it when it's ready.''" *Id.* Defendants' attempt to use Exhibit 18 to inject their own interpretation of facts alleged in the Complaint is inappropriate, and is especially so considering the October 22, 2024 interview quoted in Exhibit 23 is the source of an alleged false and misleading statement. ¶¶546, 652. Defendants may not use incorporation by reference or judicial notice to present their competing interpretation of an alleged false and misleading statement. *See Obalon*, 2019 WL 4729461, at *4 (refusing to judicially notice document "contrary to the well-pleaded factual allegations of the [c]omplaint"); *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (incorporation by reference inappropriate where defendants used the exhibit "to rebut one of plaintiffs' arguments").

**Exhibit 24** is the NAD's Final Decision detailing the findings of the NAD's investigation into

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

Apple's advertising of the Siri Features. Defendants rely on Exhibit 24 in support of their argument that Defendants' statements were "not misleading to investors"—even if found misleading to consumers—and that Apple's cautionary language was sufficiently meaningful. MTD 13. The former argument directly contradicts the Complaint's allegations that Defendants' statements regarding the Siri Features were materially false and misleading. ¶¶515-58. Defendants' use of Exhibit 24 to dispute Plaintiff's well-pled allegations is inappropriate. *See Riley*, 2020 WL 5217154, at *2. In addition, Exhibit 24 does not refer to any of the purported cautionary language Defendants identify (*see* MTD 12-13), and Defendants' reliance on Exhibit 24 to bolster their arguments regarding Apple's risk disclosures is improper.

**D.        The Court May Consider the Exhibits Containing False and Misleading Statements**

Defendants argue that Exhibits 5, 7, 10, 11, 15-17, and 19 are incorporated by reference and can be judicially noticed. RJN 3, 5. As the Complaint alleges that these Exhibits contain false and misleading statements, Plaintiff does not object to the Court's noticing or incorporating these documents by reference into the Complaint. *See Khoja*, 899 F.3d at 1005 (incorporating by reference documents containing alleged misrepresentations, as they formed the basis of plaintiff's claim). With regard to incorporation by reference, while the Court may consider the contents of the documents as true, "what inferences a court may draw from an incorporated document should also be approached with caution." *Khoja*, 899 F.3d at 1003. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* Similarly, under judicial notice, the Court may not take notice of the truth of the contents of the documents for the purpose of resolving factual disputes.

Accordingly, the Court's notice or incorporation of these Exhibits is limited to whether Defendants made the statements contained in the Exhibits, whether the Exhibits contain meaningful cautionary language sufficient to invoke the PSLRA safe harbor for forward-looking statements, and whether the Exhibits omitted facts necessary to make the statements not materially false and misleading. *See Ferreira v. Funko Inc.*, 2021 WL 880400, at *8-9 (C.D. Cal. Feb. 25, 2021) (taking judicial notice of only pages containing false statements and risk disclosures); *In re Fastly, Inc. Sec. Litig.*, 801 F. Supp. 3d 880, 893 (N.D. Cal. 2025) ("The Court will take judicial notice of the statements in these documents for the purpose of determining what information was available to the market, but not for the truth of the matters asserted therein or for the purpose of resolving factual disputes."); *In re Petco Animal Supplies Inc. Sec. Litig.*,

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

2006 WL 6829623, at *25 (S.D. Cal. Aug. 1, 2006) ("The Court emphasizes that it is not evaluating the truth of the assertions; rather, it is assessing whether, taken as a whole, [defendant]'s forward-looking statements to investors contained 'meaningful cautionary statements[.]'").

**E.    The Court May Not Judicially Notice or Incorporate by Reference Disputed Facts in SEC Filings**

Exhibits 7, 16, and 17 are SEC filings and an earnings call transcript containing alleged false and misleading statements, and may be considered only for the purposes discussed above. Defendants also argue that Exhibits 1, 4, 6, 12, and 25 (SEC filings and an earnings call transcript) are incorporated by reference and/or subject to judicial notice. While Plaintiff does not dispute that these documents are incorporated by reference, the Court's consideration of these documents under the incorporation by reference doctrine should not extend to "resolving factual disputes." *Khoja*, 899 F.3d at 1003. Under judicial notice, the Court's notice of these documents is limited to their "existence" but not "for the truth of the disputed facts" contained within them. *Energy Recovery*, 2016 WL 324150, at *3; *see also In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (taking notice of SEC filings "for the sole purpose of determining what representations [defendant] made to the market," not for "the truth of any facts asserted in these documents").

Moreover, the accuracy of statements made in SEC filings and earnings call transcripts is at issue in this case and the Court should not accept the truth of these documents to determine any issue of disputed fact. *See Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010); *In re Zoom Sec. Litig.*, 2022 WL 484974, at *4 n.1 (N.D. Cal. Feb. 16, 2022) (granting request for incorporation by reference but stating "the Court does not take judicial notice of any disputed facts"); *Karri v. Oclaro, Inc.*, 2020 WL 5982097, at *4 (N.D. Cal. Oct. 8, 2020) (considering SEC documents but declining to "take judicial notice of any disputed facts"). In particular, Defendants extensively rely on generic risk disclosures contained in Apple's SEC filings in support of their fact-intensive truth-on-the market affirmative defense to the Complaint's *Epic* allegations. *See* MTD 7-8, 17, 24, 26, 28. Since this affirmative defense is not "apparent on the face of the complaint," *In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *7 (C.D. Cal. June 7, 2018), the Court should not consider these "competing exhibits" on which Defendants "stake their defense." *In re Amgen Inc. Sec. Litig.*, 2014 WL 12585809, at *18 (C.D. Cal. Aug. 4, 2014) (refusing to consider "extrinsic

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

documents" to "consider a truth-on-the-market defense at this early stage of the litigation").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request to take judicial notice of or incorporate by reference Exhibits 2, 14, and 21. If the Court should grant judicial notice or incorporation by reference of Exhibits 1, 3-13, 15-20, and 22-27, Plaintiff respectfully requests that any notice be limited to showing only what was available in the public realm during the relevant period. Finally, Plaintiff respectfully requests that the Court disregard arguments premised upon the purported truth of, or Defendants' disputed interpretation of, these Exhibits or the information contained therein in resolving their motion to dismiss.

Dated: March 25, 2026                                    Respectfully submitted,

                                                        **KESSLER TOPAZ MELTZER**
                                                        **& CHECK, LLP**


                                                        */s/ Jennifer L. Joost*
                                                        JENNIFER L. JOOST (Bar No. 296164)
                                                        (jjoost@ktmc.com)
                                                        One Sansome Street, Suite 1850
                                                        San Francisco, CA 94104
                                                        Tel:    (415) 400-3000
                                                        Fax:    (415) 400-3001

                                                        -and-

                                                        SHARAN NIRMUL*
                                                        (snirmul@ktmc.com)
                                                        NATHAN A. HASIUK*
                                                        (nhasiuk@ktmc.com)
                                                        MARGARET E. MAZZEO*
                                                        (mmazzeo@ktmc.com)
                                                        DANIEL A. FRIEDMAN*
                                                        (dfriedman@ktmc.com)
                                                        AUBRIE L. KENT*
                                                        (akent@ktmc.com)
                                                        ALEC S. GARBER*
                                                        (agarber@ktmc.com)
                                                        280 King of Prussia Road
                                                        Radnor, PA 19087
                                                        Tel:    (610) 667-7706
                                                        Fax:    (610) 667-7056

                                                        *Counsel for Lead Plaintiff National Pension Service,*
                                                        *on behalf of the National Pension Fund, and*
                                                        *Lead Counsel for the Putative Class*

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE

**MARTIN LAW GROUP PLLC**
AMY C. MARTIN*
(amy@martinlawgrouppllc.com)
1250 Connecticut Ave. NW, Suite 700
Washington D.C. 20036
Tel:     (202) 261-3563

*Additional counsel for Lead Plaintiff National Pension Service, on behalf of the National Pension Fund*

*appearance *pro hac vice*

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION-BY-REFERENCE AND JUDICIAL NOTICE