LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Whitney B. Weber (Bar No. 281160)
 *whitney.weber@lw.com*
Jordan Mundell (Bar No. 324110)
 *jordan.mundell@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235

Jason C. Hegt (*pro hac vice*)
*jason.hegt@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Apple Inc., Timothy D. Cook, Luca Maestri, Kevan Parekh, Craig Federighi, and Kelsey Peterson*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CITY OF CORAL SPRINGS POLICE OFFICERS' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.; TIMOTHY D. COOK; LUCA MAESTRI; KEVAN PAREKH; CRAIG FEDERIGHI; and KELSEY PETERSON,<br><br>Defendants | Case No. 5:25-cv-06252-NW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: May 20, 2026<br>Time: 9:00 A.M.<br>Courtroom: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

## I.   INTRODUCTION[1]

Plaintiff agrees that all of Defendants' Exhibits are incorporated by reference into the Complaint, subject to judicial notice, or both. Dkt. 89-1 ("Pl's App. 1"). It also agrees that the Court can and *should* consider "what was available in the public realm during the relevant period." Dkt. 89 ("RJN Opposition" or "RJN Opp.") at 13. That is precisely what Defendants ask the Court to do. Yet—despite these concessions—Plaintiff argues that the Court should only consider the information within these Exhibits that Plaintiff says *supports* its claims, and should ignore information that *contradicts* its claims. Plaintiff's own authority holds the exact opposite.

Plaintiff relies extensively on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), but it ignores *Khoja*'s central holding. In *Khoja*, the Ninth Circuit explained that the incorporation-by-reference doctrine "treats certain documents as though they are *part of the complaint itself*" and allows the Court to "assume an incorporated document's contents are true for purposes of a motion to dismiss." 899 F.3d at 1002. That Defendants ask the Court to apply the incorporation-by-reference doctrine as intended is thus neither "improper" nor an attempt to "dispute" Plaintiff's "well-pled" allegations. RJN Opp. at 1. Rather, the Exhibits provide the full context to Plaintiff's allegations, and thus "prevents [P]laintiff[] from selecting only portions of documents that support [its] claims, while omitting portions of those very documents that weaken—or doom—[its] claims"—which is precisely what *Khoja* counsels against. *Khoja*, 899 F.3d at 1002-03. Plaintiff cannot avoid the proper application of *Khoja* simply because doing so undermines its claims.

Plaintiff advances two theories of fraud: (1) that Defendants misrepresented that the Siri Features "existed, functioned and would roll out on the stated timeline"; and (2) that Apple falsely asserted it was complying with the Injunction in the *Epic* litigation. *E.g.*, ¶¶ 483, 523. Yet the Complaint selectively quotes and mischaracterizes the Challenged Statements and omits the context in which those statements were made. And Plaintiff's attempt to cherry-pick portions of

---

[1] All capitalized terms herein have the same definition as in Defendants' Motion to Dismiss. Dkt. 82 ("Motion" or "Mot."). All emphasis is added, and internal citations and quotations omitted, unless otherwise specified.

documents to manufacture a securities-fraud claim while mischaracterizing or omitting the remaining portions of those documents that refute its allegations runs afoul of *Khoja*. *See In re Finjan Holdings, Inc*., 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (incorporated "document itself is controlling" when complaint "incorrectly summarizes or characterizes" the document).

The Court requires the full context of Plaintiff's allegations—not incomplete excerpts, as such allegations are *not* "well-pled." *See Kampe v. Volta Inc.*, 2024 WL 4534732, at *4 (N.D. Cal. Oct. 21, 2024) ("Although the truth of an incorporated document may not be considered solely to dispute well-pled facts, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint."); *accord Wong v. Am. Honda Motor Co.*, 2024 WL 612939, at *2, n.7 (9th Cir. Feb. 14, 2024) (considering incorporated "article [that] undermines Appellants' allegations"). The Court should thus consider the Exhibits in full when assessing Defendants' Motion.

## II.   ARGUMENT

### A.   Exhibits 1, 3-5, 7-13, And 15-27 Are Incorporated by Reference And May Be Considered In Entirety For Their Truth

Plaintiff "does not dispute" and "does not object" that every Exhibit Defendants requested be incorporated, with the exception of three (Exhibits 2, 14, and 21), is incorporated by reference into the Complaint. RJN Opp. at 6-7, 11-12. Nevertheless, Plaintiff says the Court must not consider the full contents of the incorporated documents because doing so is "inappropriate" at the "pleadings stage." *Id*. at 7. But there is zero authority supporting Plaintiff's position. To the contrary, the law is clear that the Court "must consider" each document's entire contents under the incorporation-by-reference doctrine—not just Plaintiff's self-selected facts or inferences. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (holding that a document may be "consider[ed] . . . in its entirety" under the incorporation by reference doctrine where plaintiffs "rel[ied] on portions of it in their complaint"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (explaining that the "entire [incorporated] document is assumed to be true for

purposes of a motion to dismiss and both parties—and the Court—are free to refer to any of its contents").

Plaintiff's other arguments relating to incorporation-by-reference are meritless, too.

*First*, Defendants are not asking the Court to "resolve factual disputes" in their favor. RJN Opp. at 2. Rather, Defendants ask the Court to consider the *full* content and context of the Exhibits that Plaintiff does not dispute are incorporated into the Complaint to properly assess whether Plaintiff has adequately pled each required element of its securities fraud claims. Dkt. 84 ("RJN"). Indeed, "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *Eventbrite*, 2020 WL 2042078, at *7. To the contrary, and as the Ninth Circuit recently explained, "[c]ontext matters" and courts must consider the "context surrounding the statement" to determine whether it is false or misleading. *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir. 2025). Plaintiff complains that Defendants refer to portions of the Exhibits that Plaintiff does not cite (*e.g.*, RJN Opp. at 9-11)—but its own cited authority confirms that is the very purpose of the incorporation-by-reference doctrine: to prevent Plaintiff from "omitting portions that weaken [its] claims." *Ferreira v. Funko Inc.*, 2021 WL 880400, at *7-9 (C.D. Cal. Feb. 25, 2021) (RJN Opp. at 11) (quoting *Khoja*, 899 F.3d at 1002). And as Plaintiff admits, the Court can and should consider information "available in the public realm during the relevant period." RJN Opp. at 13. Here, the *full content* of *all* the Exhibits were publicly available and should be considered.

*Second*, while the truth of an incorporated document may not be considered solely to dispute *well-pled* facts, the Court need not accept as true conclusory allegations that are contradicted by the very documents referenced in the Complaint. *See Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations.") (emphasis in original). As explained in the Motion and as made clear by viewing the incorporated documents in their entirety, Plaintiff not only mischaracterizes many "facts" to support its conclusory allegations that Defendants misrepresented the availability of the Siri Features or concealed that Apple was violating the Epic Injunction (Mot. at 9-10, 13, 15-18), but also often *omits* portions that refute those allegations. Plaintiff cannot state a claim (much less satisfy the

PSLRA's heightened pleading standards) through conclusory allegations contradicted by the very documents it cites in the Complaint.

For instance, Plaintiff claims that at WWDC, when Defendants presented and demo'ed the Siri features, they misrepresented that the features already "exist*ed*" and "function*ed*." *E.g.*, Opp. at 21 (emphasis in original). But the exact opposite is true. In the portions of the WWDC transcript Plaintiff omits, Defendants announced features Apple was developing and said that "Siri is *going to* become more powerful and more personal" and that it was "*laying the groundwork* for some brand-new ways that Siri will be able to support" users. Ex. 10 at 19, 21. Plaintiff similarly cites to Exhibit 24 (NAD's nonbinding recommendations) in the Complaint to claim the Siri Features statements are false and that Apple misrepresented that the Siri Features would be "available as part of the iPhone 16 launch." *E.g.*, ¶¶ 418-23. But Plaintiff omits NAD's acknowledgement that Apple expressly disclosed that some features, including the Siri Features, "will be available . . . in the coming months." Ex. 24 at 5-6 (Apple "direc[ted] consumers to . . . disclosure[s]" regarding the timing for the launch of certain features). And as another example, Plaintiff says "Apple common stock declined" after the *Epic* court issued its order on April 30, 2025, claiming the order constitutes a corrective disclosure. ¶ 730. But Plaintiff omits that on May 1, 2025—*i.e.*, the very next day—Apple's stock *increased*, not declined, which forecloses Plaintiff's loss causation allegations. *Compare* ¶ 730 (price on April 30, 2025 closed at $212.50) *with* Ex. 22 at 8 (price on May 1, 2025 closed at $213.32). Incorporating the Exhibits in the way *Khoja* counsels is necessary to guard against Plaintiff's deliberate omission of these facts. *See, e.g.*, *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("incorporated documents do not dispute facts" but show "Plaintiffs sometimes inaccurately characterize the contents of those documents").

*Third*, Plaintiff acknowledges that Exhibits 26 and 27 (Cook's and Maestri's Forms 4) are incorporated into the Complaint but says Defendants "improperly submit" them to "rebut Plaintiff's well-pled scienter allegations" with "their absence-of-motive defense." RJN Opp. at 6-7. To be clear, it is Plaintiff that "rebut[s]" its scienter allegations with its concession that neither Cook nor Maestri engaged in insider trading. *Id.* at 6; *see also* Dkt. 88 (Opp. to Mot. to Dismiss) at 17. Regardless, Plaintiff's motive allegations are not well-pled. In a section entitled, "Defendants

Cook and Maestri Were Financially Motivated to Mislead Investors" (Compl. at p. 185), Plaintiff alleges that Cook and Maestri sold stock "two weeks after Apple had released the iPhone 16." ¶ 674. But the law is clear: stock sales made according to a Rule 10b5-1 trading plan do not support an inference of scienter, and Exhibits 26 and 27 confirm that Cook and Maestri sold pursuant to predetermined plans. Exs. 26, 27; *see also Elec. Workers Pension Fund v. HP, Inc.*, 2021 WL 1056549, at *7 (N.D. Cal. Mar. 19, 2021) (no scienter for sales "made to either satisfy tax obligations or according to a 10b5-1 plan").

*Finally*, Plaintiff argues that Exhibits 2, 14, and 21 are not incorporated because Plaintiff does not directly quote them in the Complaint. RJN Opp. at 4-6. But Plaintiff repeatedly points to analyst reports and press releases *from the same day* and by the *same entities* to show how "[i]ndustry commentators" "reacted" to the Siri Features statements. ¶ 368. For instance, Plaintiff alleges that Barron's reported on June 11, 2024 about the release of Apple Intelligence and that it would "help kick off an iPhone super cycle." ¶ 370. Exhibit 2 is a Barron's report published that same day (June 11, 2024) discussing "Apple's long-awaited" "plans" for Apple Intelligence. Ex. 2 at 1. Similarly, Plaintiff alleges that on September 9, 2024, Apple published several press releases "announc[ing] the iPhone 16 and iPhone 16 Plus, which it advertised as 'built for Apple Intelligence.'" ¶ 376. Exhibit 14 is a press release Apple published that same day (September 9, 2024) entitled, "Apple Intelligence Comes to iPhone, iPad, and Mac starting next month," and includes some of the same language quoted in the Complaint. *Compare* Ex. 2 at 1-2, 5-7 *with* ¶ 536-39. As for Exhibit 21, Plaintiff alleges that on March 7, 2025, an "Apple spokesperson" announced that "[i]t's going to take us longer than we thought to deliver on these features and we anticipate rolling them out in the coming year." ¶ 713; *see also* ¶ 657. Plaintiff says this announcement—as reported by "several media outlets"—was a corrective disclosure causing Apple's stock price to decline. ¶¶ 713, 717. Exhibit 21 is an article by one such "media outlet" that includes this very quote. It is thus incorporated into the Complaint. *See In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) ("documents containing . . . corrective disclosures" are incorporated into a complaint) (citing *Khoja*, 899 F.3d at 1005).

Plaintiff cannot state a claim, much less satisfy the PSLRA's heightened pleading standards, through allegations contradicted by the very documents it cites in the Complaint. *See Khoja*, 899 F.3d at 1002, 1008 (courts need not accept allegations that are "merely conclusory" and contradict incorporated documents).

### B.  Plaintiff Agrees That All Exhibits Are Subject To Judicial Notice

Plaintiff "does not dispute" that all the Exhibits are judicially noticeable under Federal Rule of Evidence 201(b). RJN Opp. at 3-7, 11-12; Pl's App. 1. As such, the Court may consider them for purposes of assessing Defendants' Motion. Nevertheless, Plaintiff complains that those Exhibits undermine its claims. RJN Opp. at 4-12. But the fact that Plaintiff disagrees with Defendants' arguments does not "preclude judicial notice," *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *7-8 (N.D. Cal. Nov. 23, 2021)—particularly as all of the facts "show[] only what was available in the public realm during the relevant period," which Plaintiff concedes the Court should consider. RJN Opp. at 13. For instance, Plaintiff says Defendants' use of Exhibit 21 "directly contradicts" the Complaint. *Id*. at 6. But Defendants include the same language quoted in the Complaint. *Compare* Mot. at 6 *with* ¶¶ 33, 424, 657. Similarly, Defendants cite Exhibit 3 to show that "analysts report[ed] that Apple 'expect[ed]' a 'staggered launch of AI starting this fall.'" Mot. at 5. Again, that is what is alleged in the Complaint. *E.g.*, ¶ 375 ("Evercore ISI, citing directly to Cook's comments, reported that the expectation for a 'staggered launch of AI starting this fall…'").

Plaintiff's other arguments relating to judicial notice are similarly meritless.

*First*, Plaintiff's claim that Defendants have not identified what facts are subject to judicial notice (RJN Opp. at 3-4) is wrong. Defendants do exactly that in in their Motion. *See Eventbrite*, 2020 WL 2042078, at *6 (granting request for "judicial notice regarding facts pertaining to their motion to dismiss"); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst reports "to determine what may or may not have been disclosed to the public"). Regardless, this is not a basis to deny Defendants' RJN. *See, e.g.*, *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1049 n. 47 (C.D. Cal. 2013),

*aff'd*, 686 F. App'x 486 (9th Cir. 2017) (granting request over objection that proponent "does not specify which 'facts' in the report it seeks to have the court judicially notice").

*Second*, Plaintiff argues that Exhibits 14 and 18, documents concerning Apple Intelligence, are "irrelevant." RJN Opp. at 5, 9. But the Complaint is replete with references and claims pertaining directly to Apple Intelligence and its "suite of features." *See, e.g.*, ¶¶ 28, 349-50, 356, 365, 369, 373, 422, 536, 551. Indeed, Plaintiff's theory rests upon its proposition that Apple supported its upgrade cycle "by touting the availability of Apple Intelligence" itself, and even challenges as false and misleading statements discussing *only* Apple Intelligence. ¶¶ 3, 548. Plaintiff cannot now disclaim sources that discuss Apple Intelligence when its Complaint is centered around Apple Intelligence.

*Third*, Plaintiff says the Court should not consider Exhibits 26 and 27—Cook's and Maestri's Forms 4—but admits that "Form 4s may qualify for judicial notice." RJN Opp. at 7. Indeed, where a plaintiff claims that an executive's stock transactions support allegations of scienter, courts routinely consider such information. *See, e.g.*, *In re Eargo, Inc. Sec. Litig.*, 2023 WL 5663154, at *1 (N.D. Cal. Aug. 31, 2023), *aff'd* 2025 WL 66041 (9th Cir. Jan. 10, 2025).

*Finally*, Plaintiff urges the Court to ignore Apple's stock price data detailed in Exhibit 22 because Plaintiff "dispute[s]" what it supposedly "establishes." RJN Opp. at 7, 10. Specifically, Plaintiff claims the Court should not consider the amount by which Apple's stock fluctuated on its purported "corrective disclosure" dates, or the volatility in Apple's stock price generally. *See* RJN Opp. at 10. This is just wrong. The Ninth Circuit requires Plaintiff to plead *particularized* facts that Apple's "share price fell *significantly*." *See In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 953 (9th Cir. 2023). Plaintiff does not do so. That is why courts routinely judicially notice a company's publicly available "historic stock price information." *Cai v. Visa Inc.*, 2025 WL 4091993, at *1 (N.D. Cal. Dec. 10, 2025). It is thus appropriate for the Court to consider Apple's historical share price from throughout the Class Period—all of which is publicly available from Yahoo! Finance.

Plaintiff fails to "rais[e] a reasonable dispute as to the authenticity of the documents and the facts contained within the documents," and instead only argues "that they should not be allowed." *Margulis v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 760785, at *3 (D. Nev. Mar.

6, 2012); *Van Ryzin v. CitiMortgage, Inc.*, 2013 WL 1206807, at *3 (C.D. Cal. Mar. 22, 2013) (plaintiff must "offer [] evidence that would give rise to a reasonable dispute that the facts contained within th[e] documents are false"). That is not enough—and it is not the law in the Ninth Circuit. *See United States ex rel. Hong v. Newport Sensors, Inc.*, 728 F. App'x 660, 661 (9th Cir. 2018).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 27 in assessing Defendants' Motion.

Dated: April 8, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ *Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Whitney B. Weber (Bar No. 281160)
 *whitney.weber@lw.com*
Jordan Mundell (Bar No. 324110)
*jordan.mundell@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235

Jason C. Hegt (*pro hac vice*)
*jason.hegt@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants Apple Inc., Timothy D. Cook, Luca Maestri, Kevan Parekh, Craig Federighi, and Kelsey Peterson*